**ATTACHMENT  N**

RECEIVED
OCT 11 1965
Indian
Claims Commission

BEFORE THE

INDIAN CLAIMS COMMISSION

CHEYENNE-ARAPAHO TRIBES OF INDIANS OF OKLAHOMA, suing on its own behalf and as representative of the CONFEDERATED TRIBES OF CHEYENNE AND ARAPAHO INDIANS OF THE UPPER ARKANSAS, also known as the SOUTHERN CHEYENNE AND ARAPAHO TRIBES OF INDIANS, and on behalf of the CHEYENNE AND ARAPAHO TRIBES OF INDIANS,

     Petitioner,

v.

THE UNITED STATES OF AMERICA,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CHEYENNE-ARAPAHO v. U. S.

DOCKETS 329-A & 329-B

COMPROMISE EXH. __65__

DOCKETS NOS. 329-A and 329-B

## STIPULATION FOR ENTRY OF FINAL JUDGMENT

It is hereby stipulated between counsel for the parties that the above entitled cases shall be consolidated for all purposes and shall be settled, compromised, and finally disposed of by entry of final judgment as follows:

1. There shall be entered in the consolidated case after all allowable deductions, credits and offsets, a net judgment for petitioner in the amount of $15,000,000.00.

2. Entry of final judgment in said amount shall finally dispose of all rights, claims or demands which the petitioner has asserted or could have asserted with respect to the subject matter of these claims, and petitioner shall be barred thereby from asserting any such right, claim or demand against defendant in any future action.

3. Entry of final judgment in the aforesaid amount shall finally dispose of all rights, claims, demands, payments on the claim, counter-claims or offsets which the defendant has asserted or could have asserted against the petitioner under the provisions of Sec. 2 of the Indian Claims Commission Act of 1946 (60 Stat. 1049) and defendant shall be barred thereby from asserting against the petitioner in any future action, any such rights, demands, payments on claim, counter-claims, or offsets from the beginning of the relationship of the Cheyenne-Arapaho Tribes of Indians of Oklahoma with the government of the United States to and including June 30, 1956. It is agreed that defendant shall not be barred by this stipulation or by entry of judgment pursuant thereto from claiming in any future action offsets accruing subsequent to June 30, 1956.

4. The entry of final judgment pursuant hereto shall not operate to deprive the defendant of exercising its right to collect from the proceeds of timber sales, as authorized by statute, expenses of managing, protecting, and selling timber.

5. The final judgment entered pursuant to this stipulation shall be by way of compromise and settlement and shall not be construed as an admission by either party, for the purposes of precedent or argument, in any other case.

6. The final judgment of the Indian Claims Commission pursuant to this stipulation shall constitute a final determination by the Commission of the above captioned cases, and shall become final on the day it is entered, all parties hereby waiving any and all rights to appeal from or otherwise seek review of such final

determination.

    7. The parties agree to execute and file with the Commission a joint motion for entry of final judgment pursuant to this stipulation, submitting a proposed form of final order for the approval of the said Commission.

    8. Attached to this stipulation and incorporated herein by reference is a resolution of the Cheyenne-Arapaho Tribes of Indians of Oklahoma, adopted at a meeting shown in the certification thereof, authorizing counsel for petitioner to enter into this stipulation on the basis set forth in paragraphs 1 through 7 hereof, and a copy of a letter approving the settlement of this litigation by the Secretary of the Interior or his authorized representative.

| | |
|---|---|
| William Howard Payne | Date: 10/1/65 |
| **William Howard Payne** | |
| **Attorney of record for petitioner** | |
| | |
| Edwin W. Weisl, Jr. | Date: 10/5/65 |
| **Edwin W. Weisl, Jr.** | |
| **Assistant Attorney General** | |
| **of the United States** | |
| | |
| John D. Sullivan | Date: 10/4/65 |
| **John D. Sullivan** | |
| **Attorney for defendant** | |
| | |
| Hutton, Schiltz & Sheehy | Date: 9/18/65 |
| By *John M. Schiltz* | |
|    **John M. Schiltz, partner** | |
| **Of Counsel for petitioner** | |
| | |
| Arthur P. Scibelli | Date: 9/30/65 |
| **Arthur P. Scibelli** | |

| | |
|---|---|
| Kent H. Meyers<br>Executor of the estate of<br>John H. Brigleb, deceased | Date: 9/30/65 |
| *Willie Hail* (signed)<br>Willie Hail, Chairman<br>Cheyenne and Arapaho Tribal<br>Council of Oklahoma | Date: 9/18/65<br>Attest<br>*Fred Bushyhead* (signed)<br>Sec'ty |

## AUTHENTICATION OF SIGNATURE

I hereby certify that Willie Hail, Chairman of the Cheyenne and Arapaho Tribal Council of Oklahoma, subscribed his name to the foregoing stipulation in my presence on the date indicated.

*Paul Vance* (signed)
Paul Vance, Representative
Bureau of Indian Affairs
Department of the Interior

-4-