UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHEYENNE-ARAPAHO TRIBES OF OKLAHOMA,**           )<br>                                                                      )<br>                            **Plaintiffs,**                      )<br>                                                                      )<br>                            vs.                                         )<br>                                                                      )<br>**UNITED STATES OF AMERICA, et.al.**   )<br>                                                                      )<br>                            **Defendants.**                  )<br>_____)   | No. 06-519 (PLF) |

**PLAINTIFF'S STATEMENT CONCERNING MATERIAL FACTS
AS TO WHICH THERE EXISTS A GENUINE ISSUE**

Plaintiff, Cheyenne-Arapaho Tribes ("Tribes") respectfully submits a Statement Concerning Material Facts as to Which There Exists A Genuine Issue ("Statement of Genuine Issues") pursuant to Local Rule 7.1(h).

I.   Statement of Material Facts as to which There exists a Genuine Issue

1.  There exists a genuine issue whether Defendants misled the Tribes regarding the continued possible military use of the lands following the Transfer to the Department of Agriculture in 1948 pursuant to 62 Stat. 197, Public Law 80-494 ("The 1948 Transfer").  Defendants publicly asserted, or at the very least were complicit and/or duplicit in the public assertion, that the Fort Reno lands continued to be held in a "stand-by" status for "possible military needs" which was substantial enough to "invalidate the Tribes claim". See Attachment #4 to Plaintiff's Response to Motion to Dismiss or in the Alternative Motion for Summary Judgment.  While this assertion was on-going, the record shows Defendants "classified" the documents evidencing the "set-aside" so that the Tribes would have no access to proof that the set-aside had or had not been continued

as it had been previously. See Attachment #2 to Plaintiff's Response to Motion to Dismiss or in the Alternative Motion for Summary Judgment. This "classification" was accomplished through the terms of the National Security Act of 1947 and as consequence allowed the documents evidencing the purported "set-aside" to be kept classified and thereby from the public and the Tribes for several decades. See Attachment #2 to Plaintiff's Response to Defendants Motion to Dismiss or in the Alternative, Motion for Summary Judgment, list of classified documents concerning the post 1948 "set-asides" for military purposes.

    2.  There exists a genuine issue as to whether Defendants continued use of these repeated "set-asides" served as an intentional pattern of misrepresentation concerning whether the subject lands were continuing to be held for "possible military uses" thereby abating the Tribes claim as the Government continued to use the Fort Reno property for the uses it desired.  See Attachment #2 to Plaintiff's Response to Defendants Motion to Dismiss or, in the Alternative, For Summary Judgment, agreements evidencing repeated set-asides from 1948 to 1954.

    3.  Given the manner in which purported "set-asides" were carried out, with, e.g., retroactive "classifications" leading into the on-going military crisis in Southeast Asia that played out over the next several decades, there exists a genuine issue as to whether Defendants' actions over the next several decades did anything to reasonably alter the Tribes' reasonable belief that the Fort Reno lands continued to be held on a "stand-by" basis for "military purposes", thereby preventing the Tribes from asserting a beneficial interest in the lands of Fort Reno.  See Attachment #2 to Plaintiffs

Response to Defendants Motion to Dismiss, or In the Alternative for Summary Judgment, showing documents deemed "classified" including those "set-aside" documents between 1948 and 1954 were not so classified until April 13, 1954.

        Respectfully submitted,

        LAW OFFICE OF RICHARD J. GRELLNER

        /s/
        Richard J. Grellner, O.B.A. #15521, pro hac vice

        439 NW 18th Street
        Oklahoma City, Oklahoma 73103
        Telephone (405) 834-8484
        Facsimile (405) 602-0990
        rjgrellner@hotmail.com

        LAW OFFICE OF JOHN P. RACIN

        /s/
        John P. Racin  Bar No. 942003

        1721 Lamont Street, N.W.
        Washington, D.C.  20010
        202.265.2516

        Attorneys for Plaintiff Tribes