**Attachment V**

The attached document was reproduced at the National Archives Records

Administration in College Park, Maryland by Shelley Miller of the Environment and Natural

Resource Division, Department of Justice.

Location:    Record Group 48
                    Stack Area 150
                    Row 8
                    Compartment 23
                    Entry 653 - Indian Division Letters Received, 1881-1907
                    Boxes 129 - 180

Citation:    Morgan to Noble, December 15, 1892, Letter Nos. 4522 and 4391

Shelley A. Miller
Paralegal Specialist

Brainerd papers

References to
L.O. L.O. informing
June 7/92

Reply to papers
in contract E.A.
Oliver & Street Iole
by Crawford Reynolds
& others.

Papers to L.O. & I.O.O.
referred June 7/92

DEPARTMENT OF THE INTERIOR
RECEIVED
JUN 7—1892
1522

E.P.S.

## I N D E X.

To correspondence relating to contract between Cheyenne
and Arapaho Indians and Crawford, Reynolds and others for legal
services.

--------------------

June 15, 1889 Letter from Indian Office submitting copy of contract

June 21, 1889, Letter from Geo. W. McCrary.

June 21, 1889, Letter from D. B. Dyer.

July 13, 1889, Letter from D. B. Dyer.

*aug. 8*

July 13, 1889, Letter from F. W. Bentley.

October 18, 1889, Letter from M. G. Reynolds submitting contract
for approval.

January 23, 1890, Letter from Indian Office reporting on contract.

January 29, 1890, Brief and argument by Attorneys.

February 1, 1890, Letter to Indian Office returning papers.

February 5, 1890, Copy of agreement.

February 4, 1890, Letter from Indian Office.

February 5, 1890, Letter to Indian Office returning contract
approved.

Memorandum by 1st Assistant Secretary Chandler.

June 10, 1890, Memorandum by Mr. Belt, Asst. Commissioner of
Indian Affairs.

August 5, 1890, Letter from Indian Office.

September 29, 1890, Letter from Attorneys.

September 30, 1890, Letter to Cherokee Commission.

March 17, 1891, Letter from Indian Office submitting claim of
Attorneys.

March 28, 1891, Opinion of Assistant Attorney General (In Indian
Office.)

March 30, 1891, Letter to Indian Office.

-2-

April 3, 1891, Letter from Indian Office.

September 1, 1891, Letter to Indian Office.

August 24, 1891, Letter from S. J. Crawford,

August 25, 1891, Letter from Indian Office.

August 25, 1891, Telegram from M. G. Reynolds.

May 5, 1892, Telegram from General Miles, U. S. A.

May 7, 1892, Letter to Indian Office.

May 7, 1892, Letter to Mr. Reynolds.

May 7, 1892, Letter to Cherokee Commission.

" 6 "      " " War Department

Commr. Ind. Affrs.
Dec. 16,1892.

Submits reply to
Senate Resolution calling
far information rel. to con-
tracts between Indians and
Attorneys, with exhibits .



49 enclosures.

## Department of the Interior,

OFFICE OF INDIAN AFFAIRS,



Washington, D.C., December 15, 1892.

The Honorable

    The Secretary of the Interior.

Sir:

    I have the honor to acknowledge the receipt by Department reference for report, of a Resolution of the Senate adopted June 1, 1892, as follows:

    " Resolved, That the Secretary of the Interior be directed to furnish to the Senate a statement of all contracts within the possession or knowledge of his Department made since January 1, 1889, with Indian tribes or Indians by which compensation is or agreed to be paid to attorneys, agents, or other persons, for securing the prosecution, allowance or payment of claims in favor of such tribes or Indians against the United States, together with information concerning the action of this Department on such contracts, and whether any moneys have been paid or received thereon or therein for the purpose of paying such compensation, and if so, whether for such moneys withheld that the Indians have been required to give receipts in full and whether such moneys have been withheld under due authority of law."

    In reply, I have the honor to transmit, herewith, exhibits from 1 to 49, both inclusive, being a copy of all correspondence and other papers relating to contracts between Indians and Indian tribes that have been filed in this office since January 1, 1889, and that are now on file and of record

-2-

in this office.  Some of the papers relating to these contracts have in the course of business been transmitted to the Department and to the Second Auditor of the Treasury where they are now on file.

Exhibit No. 1 is a copy of the correspondence relating to a contract between the late Hon. E. John Ellis and the Old Settler or Western Cherokees.  This contract, as will be seen from the papers submitted, is now pending consideration in the Department of certain questions of law submitted in a report from this office of November 1, 1892.

Exhibit No. 2 is a copy of the correspondence relating to a contract entered into November 4, 1889, between Messrs. Jones and Voorhees, Attorneys of this City, and E.C. Boudinot late an Attorney of Fort Smith, Arkansas, and the Old Settler or Western Cherokee Indians.  This contract was approved.  No fees have been paid under it, the suit brought by Messrs. Jones and Voorhees not having yet been determined, and nothing has been paid to the Indians on account of the claim affected by this contract.

Exhibit No. 3 is a copy of the correspondence relating to a contract between H.E. Paine and the Chickasaw Nation of Indians.  This contract, which was for the employment of Mr.

REPRODUCED AT THE NATIONAL ARCHIVES

-3-

Paine to prosecute a claim against the United States for an additional allowance to the Chickasaw Nation of the sum of $56,021.49 which was erroneously paid to one William M. Gwinn out of the trust funds of the said Chickasaw Nation, was approved and the claim was allowed by Congress and Mr. Paine was paid a fee of ten per centum on the sum claimed, which amounted to $5,602.14. This fee was paid April 10, 1891.

Exhibit No. 4 is a copy of the correspondence relating to a contract between John Mullan and the Coeur d'Alene Indians. This contract was approved. It provided for the employment of Mr. Mullan to urge upon Congress the desirability of the ratification of an agreement previously entered into with the Coeur d' Alene Indians at a compensation of one per centum of the amount involved in the agreement. The agreement was ratified and Mr. Mullan was paid on April 23, 1891, the sum of $6,500, being one per centum of $650,000 which was involved in the agreement.

Exhibit No. 5 is a copy of the correspondence relating to a contract between Messrs. Garland and May and the Old Settler or Western Cherokees. This contract, which was for the employment of the gentlemen named to assist in the prosecution of the claim of the Old Settler or Western Cherokees before the Supreme Court of the United States, was approved.

REPRODUCED AT THE NATIONAL ARCHIVES

-4-

This claim has not been finally determined and nothing has been allowed to the Indians, so no fee has been paid thereunder.

Exhibit No. 6 is a copy of the correspondence relating to a contract between the Quapaw Indians and W.W. Martin. This contract was for the employment of Mr. Martin to prosecute certain claims of the Quapaw Indians against the United States. One of the claims authorized to be prosecuted was prosecuted to a successful determination and the sum of $39,575.31 was appropriated March 3, 1891, to pay the same. The contract was approved for a fee of seven per cent but no fee was paid thereunder by this office, but the Treasurer of the Quapaw tribe advised this office that he had, under the direction of the tribe, paid Mr. Martin $2,770.27, being seven per cent of the amount secured to the Indians.

Exhibit No. 7 is a copy of the correspondence relating to contracts between Messrs. Jones and Voorhees and the Kaw Indians. One of these contracts anticipated the employment of Messrs. Jones and Voorhees to render professional services in connection with the claim of the Kaw Indians with relation to the diminution of its trust funds in the hands of the United States and for interest on the whole amount to which

REPRODUCED AT THE NATIONAL ARCHIVES

-5-

said Indians were entitled. This contract was approved and the sum of $29,379.90 was secured by the attorneys for the Indians and on July 7, 1891, they were paid $2,937.99, the fee provided for in the contract, ten per centum of the amount recovered. Another of these contracts was for the prosecution of a claim against the Osage Nation for such sum as might be found justly due to the Kaws on account of the children of that nation attending the schools of said Kaws and for the professional services of the Physician at the Kaw Agency, and also to recover any and all sums of money paid on scrip known as Kaw scrip improperly issued. This contract was also approved, but no fee has been paid thereunder. The other contract which anticipated the prosecution of a claim against the United States for money alleged to have been improperly deducted as the expense attending the sale of lands belonging to the Kaw Indians disposed of under treaty has not been approved.

Exhibit No. 8 is a copy of the correspondence relating to a contract between Charles Journeycake, Chief of the Delaware Indians, located in the Cherokee Nation and the said Delaware Indians authorizing him to prosecute certain claims against the United States growing out of treaty stipulations

REPRODUCED AT THE NATIONAL ARCHIVES

-6-

and money transactions between said Indians and the said
United States. This contract was approved and on March 25,
1891, the sum of $10,905.30 was paid Mr. Journeycake as his
fee upon an appropriation of $72,702 recovered for the In-
dians.

Exhibit No. 9 is a copy of the correspondence relating
to a contract between Messrs. Jones and Voorhees and the
Osage Nation of Indians.  The purpose for which this contract
was made was to collect from the United States any and all
sums of money which have been improperly deducted as expenses
attending the sale of lands belonging to said nation dis-
posed of under treaty stipulations.  This contract was not
approved and no fee was therefore paid under it.

Exhibit No. 10 is a copy of the correspondence relating
to a contract between certain Citizen Pottawatomie Indians
in the Territory of Oklahoma and A. F. Navarre and J. H. McGowan.
This contract anticipated the employment, first, of Mr. Navarre
as attorney in fact for the Indians to prosecute claims
against the United States on behalf of said Indians, and,
second, the employment of Mr. McGowan to render professional
services in connection with such prosecution.  Appropriations
were secured by Messrs. Navarre and McGowan aggregating the
sum of $130,997.95 and on August 7th, 1891, Mr. Navarre was

-7-

paid seven and one-half per cent of certain parts of this sum which aggregated $6,208.37, and on August 15, 1891, Mr. McGowan was paid $4,138.91, being five per centum of the same sums, the amount for which his contract was approved.

Exhibit No. 11 is a copy of the correspondence relating to a contract between the Cheyenne and Arapahoe tribes of Indians in Oklahoma and Samuel J. Crawford, of Topeka, Kansas, M.G. Reynolds, of St. Louis, Missouri, John D. Miles, of Lawrence, Kansas, and D.B. Dyer, of Kansas City, Missouri. This contract was for the employment of the gentlemen named to render professional services in connection with the claim of the Cheyenne and Arapahoe Indians to rights in certain reservations supposed by them to be denied by the United States. The Indians were represented by the attorneys in the negotiations which resulted in the cession of the rights, title and interest of the said tribes in and to all lands in Oklahoma to the United States. The consideration in money was $1,500,000. Of this amount $1,250,000 was estimated to have been paid for the interests of said tribes in the lands, the very rights to which the contract related. The fee provided for in the contract was eight per centum of all sums secured to the Indians on account of their claim, amounting to

REPRODUCED AT THE NATIONAL ARCHIVES

-8-

$500,000, or less; four per centum on all sums over $500,000
and less than $1,000,000; and three per centum on all sums
recovered over $1,000,000. Estimating the fee these attorneys
were entitled to on the sum of $1,250,000 in accordance with
the provisions of the contract, the following result is had:

$500,000 at eight per cent................ .........$40,000

$500,000 at four per cent ....................$20,000

$250,000 at three per cent.................. 7,500
　　　　　　　　　　　　　　Total　　　　　　$87,500

This fee was paid the attorneys September 9, 1891.

Exhibit No. 12 is a copy of the correspondence relating
to a contract between William Greiffenstein and the Kickapoo
tribe of Indians in the Territory of Oklahoma. This contract
was not approved.

Exhibit No. 18 is a copy of the correspondence relating
to contracts between George S. Chase and Big Jim's band of
Absentee Shawnee Indians. These contracts anticipated, first,
the prosecution of the claim against the United States on
behalf of the Indians party thereto, for $17,215, in property alleged to
have been lost by the Indians when they were forcibly removed
from the Kickapoo Reservation in 1886, and, second, the prose-
cution of the claim of said Indians against the United States
on account of losses sustained by the Indians during the late

REPRODUCED AT THE NATIONAL ARCHIVES

-9-

Civil War.  The claim for damage for removal from the
Kickapoo Reservation was prosecuted to a successful termina-
tion and Mr. Chase was on April 20th, 1891, paid a fee of
$860.75, the same being five per centum of the amount recover-
ed to the Indians under his contract.  No fee has been paid
under the other contract.

Exhibit No. 14 is a copy of the correspondence relating
to a contract between H.E. Paine and the Chickasaw Nation
anticipating the prosecution by Mr. Paine as counsel of the
claim of the Choctaw and Chickasaw Nations for additional
compensation on account of the rights and interests remaining
in those nations to the territory west of the 98th degree of
west longitude and known as the Choctaw and Chickasaw Leased District
This contract was not approved.

Exhibit No. 15 is a copy of the correspondence relating
to a contract between the late Hon. John Ambler Smith and A.H.
Skidmore and the Western Miami tribe of Indians. This con-
tract was not approved and no fee has therefore been paid
thereunder.

Exhibit No. 16 is a copy of the correspondence relative
to a contract between Messrs. Gyer and North and the Eastern
Shawnee tribe of Indians of the Quapaw Agency.  This contract

-10-

was not approved for reasons shown in the correspondence and
no services were rendered thereon and consequently no fee
was paid.

Exhibit No. 17 is a copy of the correspondence and other
papers relating to a power of attorney between A. F. Navarre
and the Citizen band of Pottawatomie Indians and a contract
between the said Navarre as attorney in fact for the said
Citizen band of Pottawatomie Indians and George S. Chase
stipulating for the employment of Messrs. Navarre and Chase
to render professional services in connection with the claim
of said Pottawatomie Indians to a greater interest in a
thirty mile square tract of land in the Territory of Oklahoma
than was admitted by the United States. The contract was
approved and services were rendered both by Mr. Navarre and
Mr. Chase in connection with the negotiations resulting in
the cession of all the rights of the Indians named in the
land to the United States for certain considerations, the
money consideration being $160,000. The fee allowed Mr.
Chase under his contract was five per centum of the amount
recovered to the Indians and to Mr. Navarre two and one-half
per centum was allowed. On account of certain deductions that
were made in accordance with the agreement from the $160,000

-11-

agreed to be paid them it was found that only $146,018.42 was
to be paid to the Indians. Accordingly Mr. Chase was paid
on October 19, 1891, a fee of $7,300.92 and on December 26,
1891, Mr. Navarre was paid a fee of $8,650.46, being the
amount they were entitled to receive under the contract.

Exhibit No. 18 is a copy of the correspondence relating
to a contract between Messrs. Horner, Perry and Hallowell and
the Confederated Wea, Peoria, Kaskaskia and Piankeshaw In-
dians in the Indian Territory, stipulating for the employment
of the gentlemen named to render professional services in
connection with certain claims of the Indians. This contract
was not approved and no services being rendered no fee was
paid thereunder.

Exhibit No. 19 is a copy of the correspondence relating
to the renewal of a contract between J.H. Embry and the
Western Miami tribe of Indians in the Indian Territory. Mr.
Embry had been rendering services for these Indians in con-
nection with the prosecution of a claim against the United
States in the Court of Claims under a former contract and the
renewal was approved. Under this he recovered the sum of
$42,678.24 for the Indians and on March 27, 1891, he was paid
a fee of $8,535.62, being twenty per cent of the amount re-

-12-

covered for the Indians.

Exhibit No. 20 is a copy of the correspondence relating to a contract between Hon. Phil B. Thompson and the Menomonee tribe of Indians of Wisconsin. This contract was not approved for reasons set forth in the correspondence.

Exhibit No. 21 is a copy of the correspondence relating to a contract between the Chippewa Indians of Lake Superior and Merrill and Brainard. This contract was not approved.

Exhibit No. 22 is a copy of the correspondence relating to a contract between J.H. McGowan and the Stockbridge tribe of Indians. It was not approved for reasons set forth in the correspondence.

Exhibit No. 23 is a copy of the correspondence relating to a contract between Lucy J. Pruner and George S. Chase. This contract was for the prosecution of a claim against the United States of Lucy J. Pruner as the heir of Black Beaver on account of certain losses sustained by him during the war. This contract was approved but no fee has been paid thereunder.

Exhibit No. 24 is a copy of the correspondence relating to a contract between the Wichita and affiliated bands of Indians in Oklahoma and Orrick and Myers and between the

-13-

Kiowa, Comanche and Apache tribes and the said Orrick and
Myers.  These contracts were not approved and on June 20,
1890, at the request of the attorneys they were returned to
them disapproved.  No copy of the contracts was retained in
this office and this correspondence is without any copy there-
of.

Exhibit No. 25 is a copy of the correspondence relating
to a contract between A.F. Navarre and the Prairie band of
Pottawatomie Indians.  Much of the correspondence relating to
this contract is on file in the Second Auditor's office and
no copy thereof is transmitted.

Exhibit No. 26 is a copy of the correspondence relating
to a contract between the Sac and Fox Indians of the Missouri
and John Schilling.  This contract was not approved.

Exhibit No. 27 is a copy of the correspondence relating
to a contract between John T. Hill and the Iowa tribe of
Indians in Oklahoma.  This contract was not approved for
reasons set forth in the correspondence.

Exhibit No. 28 is a copy of the correspondence relating
to a contract between the Cherokee Nation and W.A. Phillips.
This contract was for the employment of Mr. Phillips to render
professional services in connection with the prosecution of

REPRODUCED AT THE NATIONAL ARCHIVES

-14-

the claim of the Cherokee Nation against the United States
for a sum of $19,843.82, being the proceeds of the sale of
the Cherokee Strip in Kansas not accounted for to the nation,
and other claims of said nation. Mr. Phillips secured an
appropriation for the sum named and on April 28, 1891,was
paid a fee of $1,984.84, being ten per centum of the amount
appropriated.

Exhibit No. 29 is a copy of the correspondence relating
to contracts between W.W. Martin, assignee of B.W. Perkins,
and the Osage Nation of Indians and between H.E. Paine and the
Chickasaw Nation of Indians. The Osage contract was made
with Mr. Perkins and stipulated for his employment to render
professional services to the Indians in defense of depreda-
tion claims and in such other matters as he might be required
to attend to. This contract was approved and subsequently
assigned to Mr. Martin. The fee allowed was $8,000 per annum
and fees have been paid thereunder as follows: To B.W. Perkins
for services to January , 1892, paid April 14, 1892, $250;
to W.W. Martin for services to April 1, 1892, paid May 17,
1892, $750; to same for services to July 1, 1892, paid
August 2, 1892, $750; to same for services to October 1, 1892,
paid October 11, 1892, $750, in all to October 1, 1892,
$2,500.

-15-

The contract between Mr. Paine and the Chickasaw Nation
was also approved.  It was for the employment of Mr. Paine for
a period of two years as attorney for the Chickasaw Nation
at a compensation of $2,500 per annum.  The fee under this
contract if paid at all has been paid by the Chickasaw Nation.

Exhibit No. 30 is a copy of the correspondence relating
to a contract between the Prairie band of Pottawatomie In-
dians and W.H. Smith.  This contract stipulated for the em-
ployment of Mr. Smith to defend the suit brought by the
Citizen band of Pottawatomie Indians against the Prairie
band in the Court of Claims. The contract was approved, but
the services provided for in said contract have not as yet
been rendered and no fee has been paid.

Exhibit No. 31 is a copy of the correspondence relating
to contracts between the Citizen band of Pottawatomie Indians
and J.E. Clardy and H.C. Linn.  The contract between the
Indians and Clardy which provided for his employment to in-
stitute suit in the Court of Claims against the United States
and the Prairie Band of Pottawatomie Indians was submitted
to this office in August, 1891, for approval. This contract
was subsequently approved and after its approval Mr. Linn
filed a contract stipulating for the same services and the
revocation by the Indians of Mr. Clardy's power.  Mr. Linn's

REPRODUCED AT THE NATIONAL ARCHIVES

-16-

contract, however, was not approved and no fee has been paid under Mr. Clardy's contract.

Exhibit No. 32 is a copy of correspondence relating to a contract between W.G. Raines and the Menomonee tribe of Indians. This contract was not approved.

Exhibit No. 33 is a copy of correspondence relating to a contract between Agnes Beth and Bridget Lund and H.M. Meriwether. This contract was approved but no fee has been paid thereunder, the claim not having yet been settled.

Exhibit No. 34 is a copy of correspondence relating to the renewal of a contract between the Old Settler Cherokees and W.S. Peabody. This renewal was approved but no fee has been paid under the contract.

Exhibit No. 35 is a copy of correspondence relating to a contract between the Chase and Slater Law and Claims Company and Yellow Eagle a Sioux Indian of the Pine Ridge Agency. This contract was not approved for reasons set forth in the correspondence.

Exhibit No. 36 is a copy of the correspondence relating to contracts between B.W. Perkins and J.H. McGowan and the Stockbridge and Seneca tribes of New York Indians. This contract has not been approved.

-17-

Exhibit No. 37 is a copy of the correspondence relating to a contract between Eaton, Pollock and Love and the Otoe and Missouria tribes of Indians. This contract was not approved.

Exhibit No. 38 is a copy of the correspondence relating to a contract between Julia Richard, heir of Joseph Richard and the Chase and Slater Law and Claims Company. This contract is pending consideration of certain questions of law submitted to the Department with office report of August 29, 1892.

Exhibit No. 89 is a copy of the correspondence relating to contracts between George S. Chase and the Pottawatomie Indians of Michigan and Indiana. These contracts were not approved.

Exhibit No. 40 is a copy of the correspondence relating to a contract between John Mullan and the Spokane tribe of Indians of Washington. This contract was approved and on October 8th, 1892, Mr. Mullan was paid a fee for services rendered thereunder of $2,850, the sum to which he was entitled under his contract.

Exhibit No. 41 is a copy of the correspondence relating to contracts between certain bands of Sioux Indians and F.M.

REPRODUCED AT THE NATIONAL ARCHIVES

-18-

Goodykoontz. Three contracts, being with the Santee, Yankton and Crow Creek bands of Sioux Indians providing in the aggregate for a fee of $2600 per annum have been approved. On account of the fee accruing thereunder Mr. Goodykoontz was on September 15, 1892, paid the sum of $107.61.

Exhibit No. 42 is a copy of the correspondence relating to a contract between Nancy Markham, administratrix, by J.M. Bryan, Attorney in fact, and Messrs. Jones, Voorhees and Manning. This contract was approved but no fee has been paid thereunder.

Exhibit No. 43 is a copy of the correspondence relating to a contract between J.M. Bryan and Sam C. Dunham. This contract was not approved for reasons set out in the correspondence.

Exhibit No. 44 is a copy of the correspondence relating to a contract between the Cherokee Nation and W.A. Phillips stipulating for the employment of Mr. Phillips to render professional services in connection with certain claims of the Cherokee Nation. The contract was not approved.

Exhibit No. 45 is a copy of the correspondence relating to a contract between the Mississippi band of Chippewa Indians and Dudley and Michener. This contract was not approved

REPRODUCED AT THE NATIONAL ARCHIVES

-19-

and it was returned to Messrs. Dudley and Michener, no copy being retained in this office.

Exhibit No. 46 is a copy of the correspondence relating to a contract between the Turtle Mountain Band of Chippewa Indians and J.B. Bottineau. This contract was returned to Mr. Bottineau without approval, no copy being retained in this office.

Exhibit No. 47 is a copy of the correspondence relating to the assignment of part of the contract between the Shawnee Indians and Denver and Brownell. The correspondence in this matter will show the present status of the question.

Exhibit No. 48 is a copy of the correspondence relating to a contract between W.W. Martin and the Western Miami tribe of Indians. This contract is now pending consideration in this office.

Exhibit No. 49 is a copy of the correspondence relative to a contract between Archibald Young and the Naalem band of Tillamook tribe of Indians. This contract is pending consideration in the Department on a question of law submitted in office report of November 14, 1892.

Exhibit No. 50 is a copy of the correspondence relative to a contract between F.T. Ledergerber and the Menomonee tribe of Indians. In the arrangement of the exhibits to this

REPRODUCED AT THE NATIONAL ARCHIVES

-20-

report according to their respective dates this correspondence should have been among the first, but when the arrangement was made, it was temporarily misplaced, and is therefore inserted here in order to avoid the delay a re-arrangement of the exhibits, and of this report, would entail. Other correspondence relative to this contract is on file in the Department, where it was transmitted with my report of February 17, 1890.

Exhibit No. 51 is a copy of the correspondence relative to the contracts between Gen J.B. Sanborn, and certain Sisseton and Wahpeton Sioux, and to the matter of Mr. Sanborn's claim thereunder for ten per centum of a payment recently made to those Indians, per capita. This correspondence does not come within the call of the Senate, but it is transmitted, herewith, in order that the position of the Department with respect to the matter might be shown.

Exhibit No. 52 consists of extracts from my annual reports of 1890, and 1892 and a copy of a special report relative to the general question of Indian contracts with attorneys, and to the question of consenting to the employment by the Indians, of special counsel to defend depredation claims against them.

In reply to the inquiry of the Senate as to "whether any

REPRODUCED AT THE NATIONAL ARCHIVES

-21-

portion of any moneys due to Indians have been withheld for
the purpose of paying any such compensation, and if so whether
for such moneys withheld the Indians have been required to
give receipt in full", I have the honor to say that all fees
paid by this office to attorneys under contracts with Indians
are deducted from the funds of the Indians applicable to the
payment of such fees and as shown above deductions have been
made in the cases of contracts between the Western Miamis and
James Embry, the Absentee Shawnees and George S. Chase, the
Chickasaw Nation and Halbert E. Paine, the Delawares in the
Cherokee Nation and Charles Journeycake, the Kaw Indians and
Jones and Voorhees, the Citizen band of Pottawatomies and
Anthony F. Navarre, J.H. McGowan and George S. Chase, and the
Prairie band of Pottawatomies and Anthony F. Navarre, the
Cheyennes and Arapahoes and Samuel J. Crawford and others,
the Coeur d'Alene Indians and John Mullan, the Spokane tribe
of Indians and John Mullan, and the Cherokee Nation and W.A.
Phillips.

It is always the rule to require the Indian receiving
money from the United States to receipt for exactly the
amount that he is paid. Where a per capita payment is to be
made out of any funds chargeable with the payment of a fee,
the fee is first deducted and the per capita payment is

-22-

based upon the remainder.

With reference to the inquiry of the Senate as to "whether"
such moneys have been withheld under due authority of law"
I have the honor to invite attention to the provisions of
sections 2103 and 2104 of the Revised Statutes. Section 2103
prescribes the formalities necessary to be observed in all
contracts between Indians and attorneys in order to give the
contract validity and the Secretary of the Interior and the
Commissioner of Indian Affairs are given authority to approve
such contracts.

Section 2104 prescribes the manner in which the fees
accruing under contracts between Indians and attorneys shall
be paid. It is as follows:

"No money shall be paid to any agent or attorney by an
officer of the United States under any such contract or agree-
ment, other than the fees due him for services rendered there-
under; but the moneys due the tribe, Indian, or Indians, as
the case may be, shall be paid by the United States, through
its own officers or agents, to the party or parties entitled
thereto; and no money or thing shall be paid to any person
for services under such contract or agreement, until such
person shall have first filed with the Commissioner of Indian
Affairs a sworn statement, showing each particular act of
service under the contract, giving date and fact in detail,
and the Secretary of the Interior and Commissioner of Indian
Affairs shall determine therefrom whether, in their judgment,
such contract or agreement has been complied with or fulfilled;
if so, the same may be paid, and, if not, it shall be paid
in proportion to the services rendered under the contract".

This section seems to me to be ample authority of law

-23-

for the payment out of the funds of the Indians applicable thereto, of any fee contracted by them to attorneys rendering services in their behalf, under contracts made and approved under section 2103.

In concluding this report I desire to say that the delay in answering the Resolution of the Senate has been occasioned by the volume of correspondence that it was necessary to have copied and arranged, in order to give full response thereto, and to the limited force of employes in this office.

The Senate Resolution is herewith returned to the files of the Department.

Very respectfully,
Your obedient servant,

T. J. Morgan
Commissioner.

(Murchison)

P.