Attachment  W-3

**74 Stat. 1029 (1960)**

**Senate:**

**SERIAL-SET-ID:** 12236 S.rp.1617

**TITLE:** Setting aside certain lands in Oklahoma for the Cheyenne and Arapaho Indians.

**DESCRIPTIVE-TITLE:** Setting aside certain lands in Oklahoma for Cheyenne and Arapaho Indians

**DOCUMENT-DATE:** June 20, 1960

**AUTHOR:** Frank Forrester Church (1924-1984), Democratic Senator from ID.

**COMMITTEE:** Committee on Interior and Insular Affairs. Senate

**DOC-NO:** S.rp.1617

**SERIAL-VOLUME:** 12236 **CONGRESS-SESSION:** 86-2 (1960) **SESSIONAL-VOLUME:** 4

**BILL-NO:** 86 H.R.816 **PUB-LAW-NO:** 86 PL 791 **STATUTES-AT-LARGE: 74 Stat. 1029,**

**LENGTH:** 7 pp.

**SUBJECTS:** Arapaho Indians; Cheyenne Indians; Indian lands; Oklahoma

**COLLECTION:** LexisNexis U.S. Serial Set Digital Collection

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**House:**

**SERIAL-SET-ID:** 12160 H.rp.378

**TITLE:** Setting aside certain lands in Oklahoma for the Cheyenne and Arapaho Indians.

**DESCRIPTIVE-TITLE:** Setting aside certain lands in Oklahoma for Cheyenne and Arapaho Indians

**DOCUMENT-DATE:** May 25, 1959

**AUTHOR:** James Andrew Haley (1899-1981), Democratic Representative from FL.

**COMMITTEE:** Committee on Interior and Insular Affairs. House

**DOC-NO:** H.rp.378

**SERIAL-VOLUME:** 12160 **CONGRESS-SESSION:** 86-1 (1959) **SESSIONAL-VOLUME:** 3

**BILL-NO:** 86 H.R.816 **PUB-LAW-NO:** 86 PL 791 **STATUTES-AT-LARGE: 74 Stat. 1029,**

**LENGTH:** 5 pp.

**SUBJECTS:** Arapaho Indians; Cheyenne Indians; Indian lands; Oklahoma

**COLLECTION:** LexisNexis U.S. Serial Set Digital Collection

Public Law 86-791

### AN ACT

To convey certain lands in Oklahoma to the Cheyenne and Arapaho Indians, and for other purposes.

September 14, 1960
[H. R. 816]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That there are hereby eliminated from the Cheyenne and Arapaho subagency reservation at Concho, Oklahoma, approximately four thousand nine hundred acres of land considered excess to the present school and agency reserve needs. The Secretary of the Interior is authorized to convey to the Cheyenne and Arapaho Tribes a fee simple title to approximately three thousand nine hundred acres of such lands, together with the improvements thereon. Approximately one thousand acres of such land shall be transferred by the Secretary of the Interior to the Attorney General for use in connection with the El Reno Reformatory. The land transferred to the Attorney General shall be selected in a reasonably compact unit that will cause a minimum disruption in the agricultural program now conducted by the Bureau of Prisons. The title of the tribes to any land conveyed pursuant to this section shall be subject to no exemption from taxation or restriction on use, management, or disposition because of Indian ownership.

*Cheyenne and Arapaho Indians. Conveyance.*

Sec. 2. The Indian Claims Commission is directed to determine in accordance with the provisions of section 2 of the Act of August 13, 1946 (60 Stat. 1050), the extent to which the value of the land conveyed by this Act should or should not be set off against any claim against the United States determined by the Commission.

*25 USC 70a.*

Approved September 14, 1960.

Public Law 86-792

### AN ACT

To amend the Act of October 17, 1940, relating to the disposition of certain public lands in Alaska.

September 14, 1960
[S. 3267]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Act of October 17, 1940 (54 Stat. 1191; 48 U.S.C. 358, note), is hereby amended—

*Alaska. Lease or sale of certain public lands.*

(1) by striking out the words "$1.25 per acre" appearing in section 2 thereof and by substituting therefor the words "their fair market value (but not less than $1.25 per acre) as determined by the Secretary by appraisal or otherwise";

(2) by adding a new section 3 thereto reading as follows: "The State of Alaska may, with the approval of the Secretary of the Interior, select any of the lands described in section 2 of this Act in partial satisfaction of land grants made or confirmed by the Act of July 7, 1958 (72 Stat. 339, 340), subject to the terms and conditions of that Act."; and

*48 USC note prec. 21.*

(3) by adding a new section 4 thereto reading as follows: "Notwithstanding the provisions of section 2 of this Act, the Secretary of the Interior may sell to each of those persons who, on August 1, 1959, had on file in the Anchorage Land Office of the Bureau of Land Management, a valid application to purchase lands under this Act, the lands described in his application at the prices heretofore recommended by the Alaska Rural Rehabilitation Corporation but at not less than $1.25 per acre."

Approved September 14, 1960.

# Calendar No. 1680

| 86TH CONGRESS } | SENATE | { REPORT |
|---|---|---|
| *2d Session* } | | { No. 1617 |

---

## SETTING ASIDE CERTAIN LANDS IN OKLAHOMA FOR THE CHEYENNE AND ARAPAHO INDIANS

———

JUNE 20, 1960.—Ordered to be printed

———

Mr. CHURCH, from the Committee on Interior and Insular Affairs, submitted the following

## REPORT

### [To accompany H.R. 816]

The Committee on Interior and Insular Affairs to whom was referred the bill (H.R. 816) to set aside certain lands in Oklahoma for the Cheyenne and Arapaho Indians, having considered the same, report favorably thereon with amendments and recommend that the bill as amended do pass.

The amendments are as follows:

Strike all after the enacting clause and insert the following:

That there are hereby eliminated from the Cheyenne and Arapaho subagency reservation at Concho, Oklahoma, approximately 4,900 acres of land considered excess to the present school and agency reserve needs. The Secretary of the Interior is authorized to convey to the Cheyenne and Arapaho Tribes a fee simple title to approximately 3,900 acres of such lands together with the improvements thereon. Approximately 1,000 acres of such land shall be transferred by the Secretary of the Interior to the Attorney General for use in connection with the El Reno Reformatory. The lands transferred to the Attorney General shall be selected in a reasonably compact unit that will cause a minimum disruption in the agricultural program now conducted by the Bureau of Prisons. The title of the Tribes to any land conveyed pursuant to this section shall be subject to no exemption from taxation or restriction on use, management, or disposition because of Indian ownership.

SEC. 2. The Indian Claims Commission is directed to determine in accordance with the provisions of section 2 of the Act of August 13, 1946 (60 Stat. 1050), the extent to which the value of the title conveyed by this Act should or should not be set off against any claim against the United States determined by the Commission.

Amend the title so as to read:

An Act to convey certain lands in Oklahoma to the Cheyenne and Arapaho Indians, and for other purposes.

**2  LANDS IN OKLAHOMA FOR THE CHEYENNE AND ARAPAHO INDIANS**

### EXPLANATION OF THE BILL

The purpose of H.R. 816, as amended, is to decrease the size of the Cheyenne and Arapaho Subagency Reservation at Concho, Okla., by 4,900 acres considered in excess to the present agency and school needs, and to authorize the Secretary of the Interior to transfer 3,900 acres of the 4,900 to the Cheyenne and Arapaho Indians. The lands were formerly used in connection with a dairy operation conducted by the Bureau of Indian Affairs. The conveyance to the tribe will be in fee simple and will not provide for any exemption from taxation or restriction on use, management, or disposition. Mineral rights, including oil and gas would be included in the conveyance. The Indians have requested that the lands be conveyed to them in a trust status. As pointed out in the Secretary's report, in 1910, 1938, and 1942 Congress donated surplus lands to these Indians in a trust status. However, the committee recommends that the subject lands be conveyed in fee, and officials of the tribe have testified before the Subcommittee on Indian Affairs that they are willing to accept this gift of Federal property in an unrestricted status. Moreover, on previous occasions where surplus lands located outside of Indian reservation boundaries have been donated to other tribes, this committee has recommended that the lands be conveyed in a nontrust status. Where lands are clearly within reservation boundaries, the committee has provided for their donation in trust. The lands affected by H.R. 816 are many miles removed from other Cheyenne and Arapaho lands. They are valued at approximately $400,000.

The bill also provides that 1,000 acres of the 4,900 eliminated from the Concho Reservation shall be transferred by the Secretary of the Interior to the Attorney General for use of the Bureau of Prisons in connection with the operation of the El Reno Reformatory. The Bureau of Prisons now has a permit for the use of 2,300 acres of Concho land and is carrying on a grazing and agricultural program that plays an important part in the rehabilitation of reformatory inmates. In its consideration of this legislation, the committee was persuaded that at least a portion of the lands should be retained for this worthwhile use. The 1,000 acres are to be in a compact unit that will cause a minimum disruption in the agricultural program now conducted by the Bureau of Prisons. It is also intended that in the division of the lands that the Secretary give every consideration to the needs of the Indians and the Bureau of Prisons so that each obtain the maximum possible benefits.

### SETOFF

As passed by the House, H.R. 816 provided that the donation of the land to the tribes should become effective upon the agreement of the tribes to eliminate from their suit now pending before the Indian Claims Commission any claim based on alleged inadequate compensation for the subject land, and to renounce any other claim thereto.

A number of bills pending before the Subcommittee on Indian Affairs that donate surplus Federal lands to Indian tribes contain language specifying how gifts of land shall be considered in relation to tribal claims. In some cases the lands are simply eliminated from suits now pending before the Indian Claims Commission. In other instances there is a provision for a setoff against any claim recovered

LANDS IN OKLAHOMA FOR THE CHEYENNE AND ARAPAHO INDIANS **3**

by the tribe of the present market value of the land. In other instances no mention is made of whether a setoff shall apply.

In an effort to arrive at some uniformity in this regard, the committee recommends language directing the Indian Claims Commission to determine, in accordance with the provisions of section 2 of the 1946 Indian Claims Commission Act, the extent to which the value of the title conveyed to the Indians should or should not be set off against any claim against the United States determined by the Commission. It is the committee's belief that the Indian Claims Commission is in the best position to examine all of the factors surrounding the claim of the tribe and to decide on the merits whether any setoff should be made against any judgment awarded the tribes. Moreover, the Claims Commission Act gives the Commission authority to determine setoffs generally, after examining all of the equities involved, and it seems appropriate to leave that function with the Commission rather than for Congress to attempt to determine the equities.

### COMMITTEE COMMENT

Legislative proposals to give the Cheyenne and Arapaho Tribes the lands covered by H.R. 816 have been introduced in the 84th, 85th, and 86th Congresses. Exhaustive hearings have been held on the subject in the House and Senate, and in the 85th Congress a bill similar to H.R. 816, as amended, was passed by the Senate. It is the committee's belief that the provisions of the present bill for the use of the surplus Concho lands are fair and equitable in relation to the welfare of the Indians and the needs of another Federal agency. In the event the legislation is not enacted during the 86th Congress, the Secretary of the Interior should proceed to dispose of the lands through the General Services Administration under applicable general law.

### DEPARTMENTAL REPORTS

The reports of the Department of the Interior, the Bureau of the Budget, and the Department of Justice on S. 1267, a companion bill to H.R. 816, are set forth below:

DEPARTMENT OF THE INTERIOR,
OFFICE OF THE SECRETARY,
*Washington, D.C., April 13, 1959.*

HON. JAMES E. MURRAY,
*Chairman, Committee on Interior and Insular Affairs,*
*U. S. Senate, Washington, D.C.*

DEAR SENATOR MURRAY: Your committee has requested a report on S. 1267, a bill to set aside certain lands in Oklahoma for the Cheyenne and Arapaho Indians.

The bill eliminates from the Cheyenne and Arapaho Subagency Reservation at Concho, Okla., approximately 4,900 acres of land in Canadian County that are excess to the present school and agency needs of this Department, and sets the land aside in trust for the Cheyenne and Arapaho Tribes of Oklahoma. In other words, the bill donates the land to the tribes.

Many members of the Cheyenne and Arapaho Tribes are poverty stricken, and the gift of any asset such as this could be very helpful if it is properly used by the tribes. It was on this basis that this

4  LANDS IN OKLAHOMA FOR THE CHEYENNE AND ARAPAHO INDIANS

Department recommended last year the donation of the property to
the Indians. At that time we inadvertently overlooked the desire
of the Bureau of Prisons for a part of the land. The Bureau of Prisons
has renewed its request and has indicated that it has a very real need.
This Department is not in a position to weigh the relative merits of
the needs of the Bureau of Prisons and the needs of the Indians.
The degree to which this property will assist needy tribal members
will depend on the plan of use and management adopted by the tribes.
We have asked the tribes for this information, but at the time of this
writing it has not been furnished to us. We have therefore suggested
to the tribes that they be prepared to inform your committee in detail
on their use plans and the manner in which they propose to assist
individual needy tribal families. We have also suggested to the
Bureau of Prisons that they present their needs to the Congress.
If, after weighing the evidence, the Congress decides to grant to the
Bureau of Prisons the property which they have requested, we recom-
mend that the residue be given to the tribes. The following facts
are submitted for the consideration of the Congress.

The land in question is a part of a large area that was ceded by the
Cheyenne and Arapaho Tribes to the United States in an agreement
ratified by the act of March 3, 1891 (26 Stat. 989, 1022). The
Indians were paid approximately 15 cents per acre, and they have a
pending claim against the United States based upon inadequate
consideration.

The land was formerly used by the Bureau of Indian Affairs in
connection with a dairy program, but that program has been dis-
continued and the land is excess to the needs of this Department.
The Department does have a continuing need, however, for 385.37
acres that are not covered by this bill.

The tribes have asked that the land be donated to them rather
than handled as excess property. The Bureau of Prisons has asked
that 2,325 acres of the land be transferred to it.

The land that the tribes presently own consists of three tracts with
an aggregate acreage of 5,868 acres. They were set aside for the
tribes by special acts of Congress. The three tracts are—

    1. Colony-Seger Reserve in Washita County, 2,440 acres.
    2. Red Moon Reserve in Custer County, 1,280 acres.
    3. Contonement Reserve in Blaine County, 2,148.

The lands covered by the pending bill are not adjacent to these tribal
lands.

Approximately 50 percent of the tribal acreage is under permit to
various members of the tribes. The remainder is leased to non-
Indians. Some of the land is under oil and gas lease.

Of the 4,900 acres that are the subject of the pending bill, 2,325
acres are under revocable permit to the Bureau of Prisons, El Reno
Federal Reformatory. The balance was under revocable permit in
1958 to other persons. Eight thousand dollars were received from
such permits. It will be offered under revocable permits again this
year.

Last year we advised you that the estimated value of the 3,900 acres
then under consideration was $400,000. We do not have an estimate
on the increased acreage of 4,900, but the acreage increase amounts
to approximately 23 percent.

If favorable action is taken on the bill, your attention is directed to two matters that should be considered:

1. The donation of the lands to the tribes will affect the pending claims litigation, and the bill should probably indicate clearly the way in which the gift will be handled. That is, should the present value of the land be set off against any recovery, or should the land merely be omitted from the claim for inadequate consideration based on its value at the time of the 1891 agreement?

2. The bill provides for a donation of the title in trust. Last year, this Department recommended that the title be taken by the Indians in unrestricted fee simple status. The Senate accepted our recommendation, but the House did not, and this disagreement prevented the enactment of the bill. This year we make no recommendation as to how the title should be taken. We shall be glad to accept the conclusion reached by Congress after considering all of the relevant facts.

The Bureau of the Budget has advised us that there is no objection to the submission of this report.

Sincerely yours,

ROGER ERNST,
*Assistant Secretary of the Interior.*

---

EXECUTIVE OFFICE OF THE PRESIDENT,
BUREAU OF THE BUDGET,
*Washington, D.C., August 21, 1959.*

Hon. JAMES E. MURRAY,
*Chairman, Committee on Interior and Insular Affairs,*
*New Senate Office Building, Washington, D.C.*

MY DEAR MR. CHAIRMAN: This is in response to your request for the comments of the Bureau of the Budget on S. 1267, a bill to set aside certain lands in Oklahoma for the Cheyenne and Arapaho Indians.

The purpose of the bill is to donate some 4,900 acres of federally owned land in trust to the Cheyenne and Arapaho Indian Tribes of Oklahoma. These lands were ceded to the United States by the tribes in 1891, and have been used by the Bureau of Indian Affairs in connection with a dairy program. The program has been discontinued and the property is now excess to the needs of the Department of the Interior.

There is pending before the Indian Claims Commission a claim filed by the Cheyenne and Arapaho alleging inadequate compensation for lands ceded to the United States in which the lands treated by S. 1267 are included.

The Department of Justice in its report to your committee on S. 1267 has recommended that some 2,300 acres of the area in question be reserved for the use of the Bureau of Prisons. It also suggested that the bill be amended to provide that the present value of any of these lands donated to the tribes be used to reduce the pending claim against the United States.

We believe that since the lands under consideration are not adjacent to the other tribal lands, any donation should be in fee simple rather than in trust. We also agree with the Department of Justice that the present value of any lands given to the tribes should be used as an offset to the pending claim.

**6** LANDS IN OKLAHOMA FOR THE CHEYENNE AND ARAPAHO INDIANS

The Bureau of the Budget would, therefore, not object to enactment of S. 1267 if it is amended as set forth above.

Sincerely yours,

PHILLIP S. HUGHES,
*Assistant Director for Legislative Reference.*

DEPARTMENT OF JUSTICE,
OFFICE OF THE DEPUTY ATTORNEY GENERAL,
*Washington, D.C., April 13, 1959.*

Hon. JAMES E. MURRAY,
*Chairman, Committee on Interior and Insular Affairs,*
*U.S. Senate, Washington, D.C.*

DEAR SENATOR: This is in response to your request for the views of the Department of Justice concerning the bill (S. 1267) to set aside certain lands in Oklahoma for the Cheyenne and Arapaho Indians.

The bill would give to the Cheyenne and Arapaho Indian Tribe of Oklahoma approximately 4,900 acres of land in Canadian County, Okla., together with improvements thereon.

A portion of the lands covered by the bill (approximately 2,300 acres) is being used by the Bureau of Prisons pursuant to a permit issued by the Bureau of Indian Affairs. The lands being used by the Bureau of Prisons are needed to support beef cattle herds necessary to provide the beef requirements for inmates at the Federal reformatory at El Reno, Okla. In view of the continuing need for the use of this property by the Bureau of Prisons, it is urged that favorable consideration be given to adding to the bill the following reservation of the land to be withheld by the United States for use by the Bureau of Prisons with the exception of a relatively small area to be continued as a part of the school campus.

"Reserving to the United States and excepting, however, the north half of section 19, the north half of section 20, all of sections 17 and 18, the south half of the south half of section 8, and the south half of the south half of section 7, all in said Township 13 North, Range 7 West; the south half of the southeast quarter of section 24, and the east half of the northeast quarter of the northwest quarter and the northeast quarter of section 25, all in said Township 13 North, Range 8 West."

The above description is in accord with a permit for the use of the land issued to the Bureau of Prisons by the Bureau of Indian Affairs.

In connection with consideration of the bill, your attention is invited to claims filed with the Indian Claims Commission for additional compensation for lands heretofore acquired by the United States from the Cheyenne and Arapaho Indian Tribes. Apparently, the 4,900 acres of land covered by the bill are included in those claims. The committee may wish to consider inclusion of a provision in the bill reducing the pending claims to the extent of the present value of the land to be set aside under the bill for the two tribes. This could be accomplished by adding another section to the bill reading as follows:

"SEC. 2. The value of the lands conveyed to the Cheyenne and Arapaho Tribe pursuant to this act, shall be set off against any judgment against the United States that may be obtained by the tribes under the act of August 13, 1946 (60 Stat. 1049, 1055; 25

LANDS IN OKLAHOMA FOR THE CHEYENNE AND ARAPAHO INDIANS 7

U.S.C. 702), or any other judgment hereafter obtained by them against the United States."

The question of whether the bill amended as above suggested should be enacted is one of policy on which the Department of Justice would prefer to make no recommendation.

The Bureau of the Budget has advised that there is no objection to the submission of this report.

Sincerely yours,

LAWRENCE E. WALSH,
*Deputy Attorney General.*

O

86TH CONGRESS } HOUSE OF REPRESENTATIVES { REPORT
1st Session                                  No. 378

## SETTING ASIDE CERTAIN LANDS IN OKLAHOMA FOR THE CHEYENNE AND ARAPAHO INDIANS

MAY 25, 1959.—Committed to the Committee of the Whole House on the State of the Union and ordered to be printed

Mr. HALEY, from the Committee on Interior and Insular Affairs submitted the following

## REPORT

[To accompany H.R. 816]

The Committee on Interior and Insular Affairs, to whom was referred the bill (H.R. 816) to set aside certain lands in Oklahoma for the Cheyenne and Arapaho Indians, having considered the same, report favorably thereon with amendments and recommend that the bill as amended do pass.

The amendment is as follows:

Page 1, line 12, strike out the period and add the following language:

upon agreement of the Cheyenne and Arapaho Tribes to eliminate from their suit now pending before the Indian Claims Commission under the Act of August 13, 1946 (60 Stat. 1049) any claim based on alleged inadequate compensation for said land and to renounce any other claim they may have with respect thereto. Nothing contained in this Act shall be construed as an admission of liability on the part of the United States with respect to these or any other lands.

### PURPOSE

The purpose of H.R. 816, introduced by Representative Jarman, is to decrease the size of the Cheyenne and Arapaho subagency reservation at Concho, Okla., by 4,900 acres which are excess to the present agency and school needs. The bill also authorizes the Secretary of the Interior to hold these lands, and the improvements thereon, in trust for the Cheyenne and Arapaho Tribes.

2    LANDS IN OKLAHOMA FOR CHEYENNE AND ARAPAHO INDIANS

### NEED

H.R. 816 is necessary in order to transfer the acreage involved from Government ownership to trust status. The committee invites attention to the acts of June 17, 1910 (36 Stat. 533), April 13, 1938 (52 Stat. 213), and January 29, 1942 (56 Stat. 21), as evidence of the Congress' willingness to recognize a Cheyenne and Arapaho interest in lands acquired from them which are available for disposition.

The 4,900 acres in question are a part of a cession made by the Cheyenne and Arapaho Tribes to the United States by an agreement ratified by the act of March 3, 1891 (26 Stat. 989, 1022). The United States paid the Indians approximately 15 cents per acre for the ceded lands. The 4,900 acres now have an appraised value of between $450,000 and $500,000. Believing the price they were originally paid to have been grossly inadequate, the tribes have instituted a claim against the Government before the Indian Claims Commission. An amendment to the bill recommended by the committee requires that they drop from their suit any claim for the lands covered by the bill before the proposed transfer is made.

### COST

Enactment of H.R. 816 will entail no cost to the Government and may, because of the provision with respect to modification of the claim in the pending suit, result in a saving to it.

### AMENDMENTS

An amendment to H.R. 816 recommended by the Department of Justice would have provided that any judgment obtained by the Cheyenne and Arapaho Tribes in the pending claim proceeding be reduced by the value of the lands transferred to them by the bill. The amendment heretofore mentioned was adopted by the committee in lieu of that proposed by the Justice Department.

A second Department of Justice amendment which would have reserved approximately 2,300 acres of the surplus land for use by the Bureau of Prisons was rejected by the committee in the belief that the Bureau can make other arrangements, either by leasing this land or by acquiring the use of other land in the vicinity, for carrying on its valuable work. While the committee is aware of the needs of the Bureau of Prisons, it does not believe that it could properly ignore the great needs of the Cheyenne and Arapaho Tribes in the circumstances.

### DEPARTMENTAL RECOMMENDATIONS

The reports from the Secretary of the Interior and the Attorney General, each dated April 13, 1959, are as follows:

DEPARTMENT OF THE INTERIOR,
OFFICE OF THE SECRETARY,
*Washington, D.C., April 13, 1959.*

Hon. WAYNE N. ASPINALL,
*Chairman, Committee on Interior and Insular Affairs, House of Representatives, Washington, D.C.*

DEAR MR. ASPINALL: Your committee has requested a report on H.R. 816, a bill to set aside certain lands in Oklahoma for the Cheyenne and Arapaho Indians.

The bill eliminates from the Cheyenne and Arapaho subagency reservation at Concho, Okla., approximately 4,900 acres of land in Canadian County that are excess to the present school and agency needs of this Department, and sets the land aside in trust for the Cheyenne and Arapaho Tribes of Oklahoma. In other words, the bill donates the land to the tribes.

Many members of the Cheyenne and Arapaho Tribes are poverty stricken, and the gift of any asset such as this could be very helpful if it is properly used by the tribes. It was on this basis that this Department recommended last year the donation of the property to the Indians. At that time we inadvertently overlooked the desire of the Bureau of Prisons for a part of the land. The Bureau of Prisons has renewed its request and has indicated that it has a very real need. This Department is not in a position to weigh the relative merits of the needs of the Bureau of Prisons and the needs of the Indians. The degree to which this property will assist needy tribal members will depend on the plan of use and management adopted by the tribes. We have asked the tribes for this information, but at the time of this writing it has not been furnished to us. We have therefore suggested to the tribes that they be prepared to inform your committee in detail of their use plans and the manner in which they propose to assist individual needy tribal families. We have also suggested to the Bureau of Prisons that they present their needs to the Congress. If, after weighing the evidence, the Congress decides to grant to the Bureau of Prisons the property which they have requested, we recommend that the residue be given to the tribes. The following facts are submitted for the consideration of the Congress.

The land in question is a part of a large area that was ceded by the Cheyenne and Arapaho Tribes to the United States in an agreement ratified by the act of March 3, 1891 (26 Stat. 989, 1022). The Indians were paid approximately 15 cents per acre, and they have a pending claim against the United States based upon inadequate consideration.

The land was formerly used by the Bureau of Indian Affairs in connection with a dairy program, but that program has been discontinued and the land is excess to the needs of this Department. The Department does have a continuing need, however, for 385.37 acres that are not covered by this bill.

The tribes have asked that the land be donated to them rather than handled as excess property. The Bureau of Prisons has asked that 2,325 acres of the land be transferred to it.

The land that the tribes presently own consists of three tracts with an aggregate acreage of 5,868 acres. They were set aside for the tribes by special acts of Congress. The three tracts are:

    1. Colony-Seger Reserve in Washita County—2,440 acres.
    2. Red Moon Reserve in Custer County—1,280 acres.
    3. Cantonement Reserve in Blaine County—2,148 acres.

The lands covered by the pending bill are not adjacent to these tribal lands.

Approximately 50 percent of the tribal acreage is under permit to various members of the tribes. The remainder is leased to non-Indians. Some of the land is under oil and gas lease.

Of the 4,900 acres that are the subject of the pending bill, 2,325 acres are under revocable permit to the Bureau of Prisons, El Reno Federal

4    LANDS IN OKLAHOMA FOR CHEYENNE AND ARAPAHO INDIANS

Reformatory. The balance was under revocable permit in 1958 to other persons. Eight thousand dollars were received from such permits. It will be offered under revocable permits again this year.

Last year we advised you that the estimated value of the 3,900 acres then under consideration was $400,000. We do not have an estimate on the increased acreage of 4,900, but the acreage increase amounts to approximately 23 percent.

If favorable action is taken on the bill, your attention is directed to two matters that should be considered:

1. The donation of the lands to the tribes will affect the pending claims litigation, and the bill should probably indicate clearly the way in which the gift will be handled. That is, should the present value of the land be set off against any recovery, or should the land merely be omitted from the claim for inadequate consideration based on its value at the time of the 1891 agreement?

2. The bill provides for a donation of the title in trust. Last year, this Department recommended that the title be taken by the Indians in unrestricted fee simple status. The Senate accepted our recommendation, but the House did not, and this disagreement prevented the enactment of the bill. This year we make no recommendation as to how the title should be taken. We shall be glad to accept the conclusion reached by Congress after considering all of the relevant facts.

The Bureau of the Budget has advised us that there is no objection to the submission of this report.

Sincerely yours,

ROGER ERNST,
*Assistant Secretary of the Interior.*

DEPARTMENT OF JUSTICE,
OFFICE OF THE DEPUTY ATTORNEY GENERAL,
*Washington, D.C., April 13, 1959.*

Hon. WAYNE N. ASPINALL,
*Chairman, Committee on Interior and Insular Affairs,
House of Representatives, Washington, D.C.*

DEAR MR. CHAIRMAN: This is in response to your request for the views of the Department of Justice concerning the bill (H.R. 816) to set aside certain lands in Oklahoma for the Cheyenne and Arapaho Indians.

The bill would give to the Cheyenne and Arapaho Indian Tribe of Oklahoma approximately 4,900 acres of land in Canadian County, Okla., together with improvements thereon.

A portion of the lands covered by the bill (approximately 2,300 acres) is being used by the Bureau of Prisons pursuant to a permit issued by the Bureau of Indian Affairs. The lands being used by the Bureau of Prisons are needed to support beef cattle herds necessary to provide the beef requirements for inmates at the Federal Reformatory at El Reno, Okla. In view of the continuing need for the use of this property by the Bureau of Prisons, it is urged that favorable consideration be given to adding to the bill the following reservation of the land to be withheld by the United States for use by the Bureau

of Prisons with the exception of a relatively small area to be continued as a part of the school campus.

"Reserving to the United States and excepting, however, the N½ sec. 19, the N¼ sec. 20, all of secs. 17 and 18, the S½S½ sec. 8, and the S½S½ sec. 7, all in said T. 13 N., R. 7 W.; the S½SE¼ sec. 24, and the E½NE¼NW¼ and the NE¼ sec. 25, all in said T. 13 N., R. 8 W."

The above description is in accord with a permit for the use of the land issued to the Bureau of Prisons by the Bureau of Indian Affairs.

In connection with consideration of the bill, your attention is invited to claims filed with the Indian Claims Commission for additional compensation for lands heretofore acquired by the United States from the Cheyenne and Arapaho Indian Tribes. Apparently, the 4,900 acres of land covered by the bill are included in those claims. The committee may wish to consider inclusion of a provision in the bill reducing the pending claims to the extent of the present value of the land to be set aside under the bill for the two tribes. This could be accomplished by adding another section to the bill reading as follows:

SEC. 2. The value of the lands conveyed to the Cheyenne and Arapaho Tribes pursuant to this Act, shall be set off against any judgment against the United States that may be obtained by the tribes under the Act of August 13, 1946 (60 Stat. 1049, 1055; 25 U.S.C. 702), or any other judgment hereafter obtained by them against the United States."

The question of whether the bill amended as above suggested should be enacted is one of policy on which the Department of Justice would prefer to make no recommendation.

The Bureau of the Budget has advised that there is no objection to the submission of this report.

Sincerely yours,

LAWRENCE E. WALSH,
*Deputy Attorney General.*

## COMMITTEE RECOMMENDATIONS

The Committee on Interior and Insular Affairs recommend enactment of H.R. 816, as amended.

O