UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**CHEYENNE-ARAPAHO TRIBES OF**   )
**OKLAHOMA,**   )
   )
   **Plaintiff,**   )
   )
   )   No. 06-519
   v.   )   Judge Paul L. Friedman
   )
   )
   )
   )
**UNITED STATES OF AMERICA, et al.,**   )
   )
   **Defendants.**   )
_____)


**DEFENDANTS' MOTION FOR LEAVE TO FILE MISSING
PAGES FROM ATTACHMENT Q TO REPLY BRIEF AND TWO
REVISED PAGES OF BRIEF DIRECTLY RELATING THERETO**


    Defendants hereby move for leave to file: (1) two pages missing from Attachment Q to the Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, or, in the Alternative for Summary Judgment (which are designated Q-13 and Q-14); and (2) revised pages 12 and 31 of the Reply Brief whose revision relates to the two missing pages of Attachment Q. In support of this motion, Defendants state as follows:

    1. In footnote 8 on page 12 of their reply brief, Defendants noted that pages were missing from Attachment Q; footnote 8 states the Defendants will provide the missing pages will be supplied to the court as soon as possible;

    2. The two missing pages of Attachment Q (designated as "Q-13" and "Q-14") are appended hereto as Attachment No. 1;

  3. The notation on pages Q-13 and Q-14 concerning the revocation of the July 17, 1883 Executive Order is discussed at pages 12 and 31, n. 18 of the Reply Brief;

  4. When he wrote the Reply Brief, Defendants' counsel believed that the notation referred to the revocation of the 1883 Executive Order with respect to the Ft. Reno lands transferred to the Bureau of Prisons in 1937;

  5. Upon re-examining Volume 20 of the GLO Tract books on April 11, 2007 in order to locate the missing pages, counsel for Defendants discovered that the notation referred to a 1963 transfer of Ft. Reno land to the Bureau of Prisons for the El Reno Reformatory by means of Public Land Order (PLO) 3089 issued by the Secretary of Interior on May 22, 1963;

  6. Defendants believe that the argument made at pages 12 and 31, n. 18 concerning the notation's implications is still valid, because if PLO 3089 could operate to revoke the 1883 Executive Order as to the lands transferred in 1963, then it follows that the 1937 and 1948 statutes transferring Ft. Reno lands to the Bureau of Prisons, and the Department of Agriculture, respectively, must also have revoked the 1883 Executive Order as to the lands transferred in 1937 and 1948;

  7. Revised pages 12 and 31 are appended hereto as Attachment No. 2.

Dated this 16th[th] day of April, 2007.

Respectfully submitted,

/s/ James M. Upton
JAMES M. UPTON
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.   20044-0663
Ph. (202) 305-0482
Fax: (202) 305-0506
E-mail address: james.upton@usdoj.gov

Attorney For Defendants

Attachments