UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHEYENNE-ARAPAHO TRIBES OF OKLAHOMA,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, et al.<br><br>    Defendants. | Civil Action No.06-519<br>(PLF) |

PLAINTIFF'S MOTION FOR LEAVE TO FILE
MEMORANDUM IN SURREPLY TO DEFENDANTS'
REPLY TO OPPOSITION TO MOTION TO DISMISS, OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff, the Cheyenne-Arapaho Tribes of Oklahoma, respectfully request that this Court grant leave to file a memorandum in surreply, and to do so on or before June 20, 2007 in light of significant additional argument and sheer volume of new documentary material the Government has introduced in the context of a reply effort. The grounds for this request are as follows:

1. The Government has filed a 32 page memorandum (its "opening" memorandum in support was 21 pages) and introduced hundreds of pages of new documentary material in the context of a reply. It has advanced a number of additional arguments[1] and attempted to undermine, for the first time, determinations on the part of

---

[1] It argues for the first time, for example, "The Tribes Would Have Understood They Were Ceding Lands for Various 'Public Uses', Including the Fort Reno Lands" Reply Memorandum at 21, in light of "The Indians' [Alleged] Contemporaneous Understanding of the Term 'Surplus' 1869 Reservations Lands," id. at 20, and "The Indians' [Alleged] Contemporaneous Understanding of the Scope of the 1890 Cession Agreement." Id. at 17.

its own Solicitor of the Department of Interior to the effect (a) the Agreement of November 13, 1890 ratified by Congress in 1891 did <u>not</u> serve to cede the Tribes' right, title, and interest in the Fort Reno lands; and (b) settlement of litigation brought under the Indian Claims Commission Act of 1946 did <u>not</u> serve to extinguish their claim for return of the Fort Reno lands. We submit the Tribes should have the opportunity to address arguments possibly fundamental to the disposition of the matter which the Government has for some reason chosen to save for reply.[2]

    2. The Tribes also seek leave to surreply in order to introduce additional documentary material, including newly obtained agreements entered in 1952 and 1954 between the Departments of Army and Agriculture (the terms and implications of which the Tribes' attorney reviewed with counsel before the Government made reply), which emerged pursuant to Governmental response to a FOIA request submitted in 2005. <u>See</u> Attachments 1 and 2. They shed further light on unusual if not unique circumstances that should ultimately persuade the Court either that the doctrine of equitable estoppel should apply as against any affirmative defense of limitations, or that the Government continues to hold the property in standby status for military purposes.

    3. The parties have worked cooperatively together throughout the litigation. Plaintiff's attorneys indicated consent to whatever time Government counsel found necessary for reply, and otherwise made clear their hope was that the matter would be

---

[2]The Government cannot have been unaware of determinations cited in the First Amended Complaint ("[O]n February 26, 1999, the Department of the Interior released a memorandum opinion holding that the lands had not been ceded in 1891 and that the Tribe held beneficial title in 1948 when the jurisdiction was transferred to the United States Department of Agriculture, but finding the claim to be beyond the twelve year limitations period prescribed by the QTA ...", <u>id.</u>, ¶ 32)

decided upon as complete a record as possible.  Government counsel nonetheless opposes this request, on the ground the Tribe's counsel in Oklahoma has been involved in the Fort Reno controversy for some time, the odd point apparently being that he should have arranged for more timely responses to FOIA requests, and anticipated any and all arguments and documentary evidence introduced for the first time in reply.

    4.  The undersigned recognize this request itself should have been more timely. The Tribes' attorneys are sole practitioners whose schedules have been extraordinarily busy, and whose geographic separation has made coordination difficult at times.  They also failed to anticipate Government counsel would oppose a memorandum in surreply, even though it should help ensure that determination of issues of historic and enduring significance to the Cheyenne Arapaho Tribes of Oklahoma will indeed be made upon as complete a record of argument and documentary material as possible.

    WHEREFORE, Plaintiff Tribes respectfully requests that this Court grant leave to file a memorandum in surreply, and to do so on or before June 20, 2007.  A proposed Order accompanies this Motion.

    Respectfully submitted,

    LAW OFFICE OF RICHARD J. GRELLNER

    /s/
Richard J. Grellner, OBA #15521, pro hac vice

439 NW 18th Street
Oklahoma City, Oklahoma 73103
Tel: (405) 834-8484
Fax: (405) 602-0990
E-mail: rjgrellner@hotmail.com

-3-

LAW OFFICE OF JOHN P. RACIN


\_\_\_/s/_____
John P. Racin    Bar No. 942003

1721 Lamont Street, N.W.
Washington, D.C.  20010
202.265.2516

Attorneys for Plaintiff
Cheyenne-Arapaho Tribes of Oklahoma

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHEYENNE-ARAPAHO TRIBES OF OKLAHOMA,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-519 (PLF)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Having considered Plaintiff's Motion for Leave to File Memorandum in Surreply to Reply to Opposition to Defendants' Motion to Dismiss, Or, in the Alternative for Summary Judgment, Defendants' Opposition thereto, and the premises of this case, it is, this ____ day of _____, 2007,

ORDERED, that Plaintiff's Motion be, and the same hereby is, GRANTED;

FURTHER ORDERED, that Plaintiff shall file any memorandum in surreply on or before June 20, 2007.


PAUL L. FRIEDMAN
United States District Judge

Copies to Counsel of Record Through ECF