UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHEYENNE-ARAPAHO TRIBES<br>OF OKLAHOMA,<br><br>  Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, et al.<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-519 (PLF)<br>)<br>)<br>)<br>) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF TRIBES' RULE 56(f)
MOTION FOR CONTINUANCE TO PERMIT DISCOVERY

Rule 56(f) of the Federal Rules of Civil Procedure provides as follows:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Under Rule 56(f), a court "may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why at that time point, it cannot present by affidavit facts needed to oppose the motion." Strange v. United States Arms Control & Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989). A district court has discretion in determining whether it should permit such additional discovery prior to resolving the motion for summary judgment, Stella v. Mineta, 284 F.3d 135, 147 (D.C. Cir. 2002), and the party seeking discovery bears the burden of identifying facts to be discovered that would create a triable issue, and explaining why the party cannot yet produce those facts in opposition to the motion. Byrd v. Environmental Protection Agency, 174 F.3d 239, 248 n. 8 (D.C. Cir. 1999), cert. denied, 529 U.S. 1018 (2000). The party must also demonstrate a reasonable basis

to suggest that discovery might reveal triable issues of fact. Carpenter v. National Mortgage Association, 174 F.3d 231, 237 (D.C. Cir.), cert. denied, 528 U.S. 876 (1999).

Here we submit the accompanying affidavit of lead counsel for the Tribes serves to demonstrate "that discovery might reveal triable issues of fact", ibid., both with respect to the time, if any (in light of the lands' apparent continued use for military purposes), the Tribe's claim to beneficial title in Fort Reno accrued; and with respect to Governmental conduct, including classification of information serving to obscure the Tribe's right, title and interest in the lands, that may eventually persuade the Court to apply the doctrine of equitable estoppel to prevent assertion of limitations any earlier than May 1994.  We also submit the "usual generous approach toward granting Rule 56(f) motions", Berkeley v. Home Ins. Co., 68 F.3d 1409, 1414 (D.C. Cir. 1995), should militate in favor of granting a continuance to permit some discovery to go forward.

CONCLUSION

For the foregoing reasons, the Cheyenne Arapaho Tribes respectfully request that, if dismissal on grounds deriving from the 1891 cession agreement and the 1965 settlement before the Indian Claims Commission should be denied, the Court grant a continuance to permit discovery to go forward.

Respectfully submitted,

LAW OFFICE OF RICHARD J. GRELLNER

   /s/
Richard J. Grellner, OBA #15521, pro hac vice

439 NW 18th Street
Oklahoma City, Oklahoma 73103
Tel. (405) 834-8484
Fax: (405) 602-0990
E-mail; rjgrellner@hotmail.com

                        LAW OFFICE OF JOHN P. RACIN

                /s/
              John P. Racin   Bar No. 942003

              1721 Lamont Street, N.W.
              Washington, D.C.  20010
              202.265.2516

              Attorneys for Plaintiff Tribes