**ATTACHMENT NO. 4**

16 Ind. Cl. Comm. 162                                              162

BEFORE THE INDIAN CLAIMS COMMISSION

CHEYENNE-ARAPAHO TRIBES OF INDIANS        )
OF OKLAHOMA, suing on its own behalf      )
and as representative of the              )
CONFEDERATED TRIBES OF CHEYENNE AND       )
ARAPAHO INDIANS OF THE UPPER              )
ARKANSAS, also known as the SOUTHERN      )
CHEYENNE AND ARAPAHO TRIBES OF INDIANS,   )
and on behalf of the CHEYENNE AND         )
ARAPAHO TRIBES OF INDIANS,                )
                                          )
                          Petitioner,     )    Docket No. 329-A
                                          )
          v.                              )    Docket No. 329-B
                                          )
THE UNITED STATES OF AMERICA,             )
                                          )
                          Defendant.      )

FINDINGS OF FACT ON COMPROMISE SETTLEMENT OF OFFSETS
AND ALL CLAIMS OF THE SOUTHERN CHEYENNE-ARAPAHO
TRIBES IN CONSOLIDATED DOCKET NOS. 329-A AND 329-B

50.  On August 10, 1951, the Cheyenne-Arapaho Tribes of Indians

of Oklahoma (sometimes referred to by the Commission as Southern Cheyenne-

Arapaho) together with the Northern Cheyenne Tribe of Indians of the

Tongue River Reservation, Montana, and the Northern Arapaho Tribe of

Indians of the Wind River Reservation, Wyoming, filed a petition with

the Indian Claims Commission for recovery of the value of their pro-

portionate interests in lands recognized as being owned by all three

tribal entities by the Treaty of Fort Laramie of September 17, 1851

(11 Stat. 749).  In the same petition the Cheyenne-Arapaho Tribes of

Indians of Oklahoma asserted claims for other alleged wrongs committed

by the defendant.  The claims covered in the joint petition were assigned

Docket No. 329.

51.  By order of the Commission entered November 28, 1958, the

Cheyenne-Arapaho Tribes of Oklahoma were permitted to sever from the

petition in Docket No. 329 those claims that belonged solely to the
Cheyenne-Arapaho Tribes of Indians of Oklahoma and set said claims up
in a separate petition, which petition was filed on that date and
assigned Docket No. 329-A.  Later, by order of the Commission entered
July 28, 1961, the Cheyenne-Arapaho Tribes of Oklahoma were permitted
to file an amended severed petition in Docket No. 329-A.

    52.  On November 1, 1955, this Commission held that petitioners in
Docket No. 329 owned certain lands (later found to comprise 51,210,000
acres) in Colorado, Wyoming, Kansas, and Nebraska, by virtue of the
aforesaid Fort Laramie Treaty of September 17, 1951.

    53.  On December 6, 1961, the Commission entered its Findings of
Fact (Findings Nos. 1 through 49), Opinion and Interlocutory Order in
Docket No. 329, holding that the tribes named as petitioners in Docket
No. 329 were entitled to have their claim heard and determined by the
Commission and that their Fort Laramie Treaty lands were worth $23,500,000
as of October 14, 1865.

    54.  On August 6, 1962, the Commission entered an amended interlocutory
order in Docket 329 amending its findings of fact, opinion and interlocutory
order which had been entered on December 6, 1961, to provide that the
relative shares of the three petitioning tribes in said Fort Laramie
Treaty lands would be determined on the basis of a stipulation agreed to
by them and approved by the Secretary of the Interior and the Commission.
That stipulation provided that the relative shares would be dependent
upon the tribes' relative populations as of November 14, 1958, and fixed
50.61% as the share of the Southern Cheyenne-Arapaho tribes therein.

55.  On November 13, 1962, the Commission entered an Order amending

the Amended Interlocutory Order of August 6, 1962, which in pertinent

part is as follows:

(b)  That the lands described in Finding 1 had a fair
market value as of October 14, 1865, at $23,500,000.00.
/Fort Laramie Treaty lands7.

(c)  That recovery from the United States by any of the
said petitioners herein will be divided upon the basis
of the stipulation agreed to by petitioner tribes . . .
that is Southern Cheyenne Arapaho at 50.61 percent . . .

(f)  That the consideration paid to the Southern Cheyenne
and Arapaho Tribes, petitioners above named, by the treaties
of February 18, 1861, October 14, 1865, and October 28,
1867, for the cession of their undivided half-interest in
subject tract was $1,434,131.38, and the fair market value
of the lands set apart for said tribes (Finding 39) by
executive order of the President of August 10, 1869; and
that there is not sufficient evidence now before the
Commission of the total consideration paid to said peti-
tioners to determine whether the said consideration so
paid was unconscionable.

    IT IS THEREFORE ORDERED AND ADJUDGED:

(a)  That: the said Southern Cheyenne and Arapaho Tribes
above named and the defendant may submit evidence of the
value of the lands set apart by executive order of the
President of August 10, 1869 . . .

(c)  That each of said tribes . . . shall from this date
proceed separately . . . and in all subsequent proceedings
said tribes shall be assigned Docket Numbers as follows:

                Southern Cheyenne and Arapaho Tribes,
                Docket No. 329-B

    Pursuant to aforesaid order the claim of the Southern Cheyenne and

Arapaho Tribes was assigned Docket No. 329-B.

    56.  On May 24 to 27, 1965, a hearing was had before the Commission

in Docket No. 329-A.  The testimony at the hearing was directed towards

the value of the Tribes' Executive Order Reservation in Oklahoma on

March 3, 1891, the date of the cession of some 4,608,878 acres to the
United States for an alleged unconscionable consideration of $1,500,000.

57. After the trial of Docket 329-A in May, 1965, attorneys for
the petitioner and for defendant entered into negotiations that resulted
in an offer of settlement by petitioner to the Attorney General which
he accepted subject to the approval of the Cheyenne-Arapaho Tribes of
Indians of Oklahoma, the Secretary of the Interior and the Commission.
The offer of settlement was for $15,000,000.00 in settlement of all claims
pleaded in Docket 329, subsequently severed into Dockets 329-A and 329-B.

58. The offer of settlement was accepted by defendant by letter
dated August 12, 1965, (Petitioners' Compromise Exhibit 1) which is as
follows:

                Assistant Attorney General
                     Lands Division

                    DEPARTMENT OF JUSTICE
                         Washington

                        August 12, 1965

        William Howard Payne, Esq.
        1086 National Press Building
        Washington, D. C. 20004

        Dear Mr. Payne:

                Re:  Cheyenne and Arapaho Tribes of Oklahoma v.
                     United States, Docket Nos. 329-A and 329-B,
                     before the Indian Claims Commission

            We have your letter of June 23, 1965, offering to settle
        the above-entitled cases for the sum of $15,000,000.00 net to
        the tribe. Your offer is hereby accepted subject to the fol-
        lowing conditions:

            1. That the period for which the Government settles its
        gratuitous expenditures shall be limited to the period before
        June 30, 1956. Although your letter refers to the fact that
        the Comptroller General furnished a report of gratuitous ex-
        penditures from "1867 to date", the expenditures shown in

16 Ind. Cl. Comm. 162                                    166

that report do not extend beyond June 30, 1956. We assume that this is what you had in mind, and hence have limited the acceptance accordingly.

2. That the settlement be approved by the Cheyenne and Arapaho Tribes of Oklahoma in writing and executed by the appropriate tribal officials.

3. That the Secretary of the Interior, or his authorized representative, indicate in writing his approval of the settlement.

4. That we be furnished with copies of the documents referred to above.

We will be happy to join with you in appropriate action before the Indian Claims Commission to effectuate this settlement when the conditions outlined above have been completed.

A copy of this letter is being sent to Mr. John M. Schiltz, 508 Electric Building, Billings, Montana.

                          Very truly yours,

                          s/ Edwin L. Weisl, Jr.

                          EDWIN L. WEISL, JR.
                          Assistant Attorney General

59. On September 18, 1965, attorneys for petitioners met with the members of the Cheyenne-Arapaho Tribes of Indians of Oklahoma at Watonga, Oklahoma, at a special meeting called pursuant to the following notice (Petitioners' Compromise Exhibit 2):

                          C&A Tribal Office
                          P.O. Box 38
                          Concho, Oklahoma 73022
                          August 11, 1965

TO ALL ENROLLED MEMBERS OF THE CHEYENNE AND ARAPAHO TRIBES OF OKLAHOMA.

A Special Meeting is to be held at the City Hall, Watonga, Oklahoma, on Saturday, September 18, 1965, at 1:00 P.M. Mr. John M. Schiltz and Mr. Wm. Howard Payne, C&A Tribal Claims Attorneys, will be here to discuss with you a compromise settlement of all claims, Fort Laramie Treaty and the Oklahoma Land Claims, in the amount of $15,000,000.00.

167

> You will vote to accept or reject the compromise settle-
> ment.  It is very important to attend this Special Meet-
> ing on our Tribal claims so that you can ask questions,
> present, recommend, suggest, or advise your views on
> the compromise settlement before a vote is taken.
>
> There will be supper served at 5:30 P.M. and a regular
> powwow will follow.
>
> > s/  Willie Hail
> > Willie Hail, Chairman
> > Cheyenne and Arapaho Tribal
> > Council of Oklahoma.

   60.  By the affidavit of Mr. Fred Bushyhead, Secretary of the

Business Committee of the Cheyenne-Arapaho Tribes (Petitioner's Compromise

Exhibit 3) and by Mr. Bushyhead's direct testimony, the notice of special

meeting was mailed to 1542 enrolled members of the Tribes, they being all

of the eligible voters; and the fact of the special meeting was publicized

by the press, radio and television media both as a news item and as paid

advertising.

   61.  On September 18, 1965, the tribal members present at the

meeting adopted a resolution approving the proposed settlement by a vote

of 338 in favor and 2 against; the resolution (Petitioner's Compromise

Exhibit 4) is as follows:

RESOLUTION

> WHEREAS, the Cheyenne-Arapaho Tribes of Indians of
> Oklahoma have been prosecuting the following claims before
> the Indian Claims Commission:
>
> > (a)  A claim in Docket No. 329-B for
> > compensation for their share of the lands
> > recognized as belonging to them by the
> > Treaty of Fort Laramie which were ceded
> > for an unconscionably small consideration;

> (b) A claim in Docket No. 329-A for
> compensation for 4,608,878 acres of
> their August 10, 1869 Executive Order
> Reservation ceded for an unconscionably
> small consideration;

> (c) A claim in Docket No. 329-A for a
> general accounting; and

WHEREAS, the Indian Claims Commission did on November 13, 1962, render its decision and made findings of fact in Docket 329-B in favor of the Cheyenne-Arapaho Tribes of Indians of Oklahoma declaring that they were entitled to 50.61% of the Fort Laramie lands worth $11,893,350.00, less the consideration of $1,434,131.38 and the fair market value of the 1869 Executive Order Reservation, providing said consideration should prove unconscionable, and less allowable offsets; and

WHEREAS, beginning on May 24, 1965, a trial was had before the Indian Claims Commission in Docket 329-A on the question of the fair market value of the said Executive Order Reservation in 1891, the year it was ceded to the United States; and

WHEREAS, the United States has filed an amended answer claiming offsets against the Cheyenne-Arapaho Tribes of Indians of Oklahoma in the amount of $6,364,280.15; and

WHEREAS, following the trial of the issues in Docket 329-A in May, 1965, the attorneys for the Cheyenne-Arapaho Tribes of Indians of Oklahoma and the attorneys for the defendant United States entered into negotiations for the possible compromise and settlement of all the claims, and following successful negotiations have agreed, subject to the approval of the Cheyenne-Arapaho Tribes of Indians of Oklahoma, the Secretary of the Interior or his authorized representative, and the Indian Claims Commission, to settle and compromise all issues and all claims of the Cheyenne-Arapaho Tribes of Indians for the sum of $15,000,000.00, said amount to be net after all offsets to which the United States might have been entitled in Docket Nos. 329-A and 329-B; and

WHEREAS, the proposed settlement has been fully discussed by the attorneys for the Cheyenne-Arapaho Tribes of Indians of Oklahoma at a meeting of the Tribes duly and regularly called especially for that purpose and the members of the Tribes were given full opportunity to enter into said discussion and ask questions concerning all phases of the claim; and

16 Ind. Cl. Comm. 162                                                      169

WHEREAS, representatives of the Department of the Interior were present during the said meeting and observed the proceedings; and

WHEREAS, the members of the Cheyenne-Arapaho Tribes of Indians of Oklahoma are fully informed regarding the proposed settlement, and with the proposed stipulation for entry of final judgment, the same having been read at the meeting and explained by the attorneys;

NOW, THEREFORE, BE IT RESOLVED that the proposed final settlement of all claims and offsets in Docket Nos. 329-A and 329-B, in the amount of $15,000,000.00 be, and the same hereby is approved and the attorneys for the Cheyenne-Arapaho Tribes of Indians of Oklahoma are hereby authorized to execute said proposed Stipulation for Entry of Final Judgment; and

BE IT FURTHER RESOLVED that Willie Hail, Chairman of the Tribal Council of the Cheyenne-Arapaho Tribes of Indians of Oklahoma is hereby authorized to execute the proposed Stipulation on behalf of the Tribes; and

BE IT FINALLY RESOLVED that the Secretary of the Interior or a duly authorized representative, and the Indian Claims Commission are hereby requested to approve the proposed settlement and Stipulation for Entry of Final Judgment as described above.

### CERTIFICATION

We hereby certify that the foregoing Resolution was duly adopted by the Cheyenne-Arapaho Tribes of Indians of Oklahoma at a special meeting sitting at Watonga, Oklahoma, this 18th day of September, 1965, by a vote of 338 for and 2 against.

                              /s/  Willie Hail
                              Willie Hail, Chairman
                              Cheyenne and Arapaho Tribal Council
                              of Oklahoma

Attest:

    s/  Fred Bushyhead
Fred Bushyhead, Secretary
Cheyenne and Arapaho Tribal
Council of Oklahoma

62.  William Howard Payne, attorney of record for petitioners,
testified at the hearing held before the Commission on October 11,
1965, concerning the conduct of the special tribal meeting on September 18,
1965.  He testified that the procedure followed by him and Mr. Schiltz,
associate attorney, was as follows:  a Cheyenne interpreter and an
Arapaho interpreter were appointed and each of them in his own tongue
instructed the people present that explanation of the proposed compromise
could be had in the native tongue upon request.  The attorneys explained
the proposed compromise by explaining the Tribe's history and the basis
of the claims; the possible advantages of further litigation as opposed
to the proposed compromise were gone into in detail.  The attorneys read
verbatim the proposed resolution and stipulation and thereafter a recess
was had so the members might talk the matter over among themselves.
After the recess questions were asked by the Indians and answered by the
attorneys, and the proposed resolution and stipulation were again read
paragraph-by-paragraph, and explained in detail.  In the opinion of the
attorneys the Indians understood the decision they were being asked to
make and understood the various factors involved in the proposed compromise.
The meeting lasted four hours.

At the conclusion of the explanation by the attorneys a motion was
made and seconded to adopt the resolution approving compromise; at the
conclusion of the question and answer period a vote was called for.  A
standing vote was taken, the Sergeant at Arms and several associates
taking the count.  Norman Holmes, Tribal Operations Officer, Anadarko,

16 Ind. Cl. Comm. 162 .                                        171

Oklahoma Area Office, assisted in the count.  The meeting was observed

from beginning to end by Mr. Leslie P. Towle, Area Director, Anadarko

Area Office, Bureau of Indian Affairs; Mr. Norman Holmes, and Mr. Paul

Vance, Superintendent, Area Field Office, Concho, Oklahoma.

    63.  At the conclusion of the meeting the Chairman thereof, Willie

Hail, pursuant to the authority vested in him by the resolution, signed

the stipulation of settlement which reads as follows:  (Compromise Exhibit 5)

BEFORE THE<br>
INDIAN CLAIMS COMMISSION

| | | |
|---|---|---|
| CHEYENNE - ARAPAHO TRIBES OF INDIANS OF OKLAHOMA, suing on its own behalf and as representative of the CONFEDERATED TRIBES OF CHEYENNE AND ARAPAHO INDIANS OF THE UPPER ARKANSAS, also known as the SOUTHERN CHEYENNE AND ARAPAHO TRIBES OF INDIANS and on behalf of the CHEYENNE AND ARAPAHO TRIBES OF INDIANS, | ) ) ) ) ) ) ) ) ) ) ) | |
| Petitioner, | ) ) ) ) | Docket Nos. 329-A and 329-B |
| v. | ) ) ) | |
| THE UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

STIPULATION FOR ENTRY OF FINAL JUDGMENT

    It is hereby stipulated between counsel for the parties
that the above entitled cases shall be consolidated for all
purposes and shall be settled, compromised, and finally dis-
posed of by entry of final judgment as follows:

    1.  There shall be entered in the consolidated case after
all allowable deductions, credits and offsets, a net judgment
for petitioner in the amount of $15,000,000.00.

    2.  Entry of final judgment in said amount shall finally
dispose of all rights, claims or demands which the petitioner
has asserted or could have asserted with respect to the subject

16 Ind. Cl. Comm. 162                                              172

matter of these claims, and petitioner shall be barred thereby
from asserting any such right, claim or demand against defendant
in any future action.

3.  Entry of final judgment in the aforesaid amount shall
finally dispose of all rights, claims, demands, payments on the
claim, counter-claims or offsets which the defendant has
asserted or could have asserted against the petitioner under
the provisions of Sec. 2 of the Indian Claims Commission Act
of 1946 (60 Stat. 1049) and defendant shall be barred thereby
from asserting against the petitioner in any future action,
any such rights, demands, payments on claim, counter-claims,
or offsets from the beginning of the relationship of the
Cheyenne-Arapaho Tribes of Indians of Oklahoma with the govern-
ment of the United States to and including June 30, 1956.  It
is agreed that defendant shall not be barred by this stipulation
or by entry of judgment pursuant thereto from claiming in any
future action offsets accruing subsequent to June 30, 1956.

4.  The entry of final judgment pursuant hereto shall not
operate to deprive the defendant of exercising its right to
collect from the proceeds of timber sales, as authorized by
statute, expenses of managing, protecting, and selling timber.

5.  The final judgment entered pursuant to this stipulation
shall be by way of compromise and settlement and shall not be
construed as an admission by either party, for the purposes of
precedent or argument, in any other case.

6.  The final judgment of the Indian Claims Commission
pursuant to this stipulation shall constitute a final deter-
mination by the Commission of the above captioned cases, and
shall become final on the day it is entered, all parties
hereby waiving any and all rights to appeal from or otherwise
seek review of such final determination.

7.  The parties agree to execute and file with the Com-
mission a joint motion for entry of final judgment pursuant to
this stipulation, submitting a proposed form of final order for
the approval of the said Commission.

8.  Attached to this stipulation and incorporated herein
by reference is a resolution of the Cheyenne-Arapaho Tribes
of Indians of Oklahoma, adopted at a meeting shown in the
certification thereof, authorizing counsel for petitioner to
enter into this stipulation on the basis set forth in para-
graphs 1 through 7 hereof, and a copy of a letter approving
the settlement of this litigation by the Secretary of the
Interior or his authorized representative.

      s/  William Howard Payne        Date:     10/1/65
William Howard Payne
Attorney of record for petitioner

16 Ind. Cl. Comm. 162                                          173

|  |  |  |
|---|---|---|
| s/ Edwin L. Weisl, Jr. | Date: | 10/5/65 |

Edwin L. Weisl, Jr.
Assistant Attorney General
of the United States

|  |  |  |
|---|---|---|
| s/ John D. Sullivan | Date: | 10/4/65 |

John D. Sullivan
Attorney for defendant

|  |  |  |
|---|---|---|
| Hutton, Schiltz & Sheehy | Date: | 9/18/65 |

By _____
     John M. Schiltz, partner
     Of Counsel for petitioner

|  |  |  |
|---|---|---|
| s/ Arthur P. Scibelli | Date: | 9/30/65 |

Arthur P. Scibelli

|  |  |  |
|---|---|---|
| s/ Kent H. Meyers | Date: | 9/30/65 |

Executor of the estate of
John H. Brigleb, deceased

|  |  |  |
|---|---|---|
| s/ Willie Hail | Date: | 9/18/65 |

Willie Hail, Chairman
Cheyenne and Arapaho Tribal
Council of Oklahoma

                          Attest:
                              s/ Fred Bushyhead
                                 Secty

## AUTHENTICATION OF SIGNATURE

     I hereby certify that Willie Haile, Chairman of the Cheyenne
and Arapaho Tribal Council of Oklahoma, subscribed his name to
the foregoing stipulation in my presence on the date indicated.

                              s/ Paul Vance
                              Paul Vance, Representative
                              Bureau of Indian Affairs
                              Department of the Interior

     Subsequently the stipulation was also signed by all of the attorneys

of record and the attorneys having an interest in the litigation, including

the personal representative of John H. Brigleb, deceased.

16 Ind. Cl. Comm. 162                                                    174

64. The proposed compromise was approved by the Bureau of Indian

Affairs by a letter dated September 30, 1965, and reads as follows:

(Compromise Exhibit 6)

UNITED STATES
DEPARTMENT OF THE INTERIOR          Tribal Operations
BUREAU OF INDIAN AFFAIRS
Washington, D.C.  20242

Sep 30, 1965

Mr. William Howard Payne
Attorney at Law
1086 National Press Building
Washington, D. C.

Dear Mr. Payne:

You have requested our approval of a proposed compromise to
settle claims of the Cheyenne-Arapaho Tribes of Oklahoma in
Indian Claims Commission Dockets Nos. 329-A and 329-B for the
net sum of $15,000,000.00.

Claims in the two dockets have been prosecuted under Contract
No. I-1-ind. 42014, dated February 14, 1948, between the
Cheyenne-Arapaho Tribes of Indians of the State of Oklahoma
and Attorney William Howard Payne.  The contract was approved
on April 28, 1948, for a period of ten years from the date of
approval and later extended for an additional period of five
years from April 28, 1958.  An assignment of a 25 percent
interest in the contract to Attorney John H. Brigleb was approved
on May 11, 1959.  Mr. Brigleb subsequently died on January 3, 1961.
The contract provided that the attorney is subject to supervision
and direction of the Tribes and the Commissioner of Indian Affairs.

An agreement, identified as Contract 14-20-0650 No. 1133, dated
June 16, 1961, between the Cheyenne-Arapaho Tribes of Oklahoma
and Attorneys William Howard Payne and Arthur P. Scibelli was
approved on April 4, 1962, for a period of ten years from the
date of approval and is currently in effect.  This contract
provides that the attorneys shall work together in the fulfill-
ment of the terms and conditions of Contract No. 42014.

The Department of Justice, in response to your offer of June 23,
1965, to settle the claims in Dockets Nos. 329-A and 329-B at
$15,000,000.00 accepted the offer by letter dated August 12, 1965,
upon certain conditions, including the conditions that the settle-
ment be approved by the Cheyenne and Arapaho Tribes of Oklahoma

in writing and executed by the appropriate tribal officials
and also that the Secretary of the Interior, or his authorized
representative, indicate in writing his approval of the
settlement.

The proposed settlement provides among other things for issuance
of a net judgment of $15,000,000.00 which will be a final dis-
position of all rights, claims, or demands which the petitioner
has asserted or could have asserted with respect to the subject
matter of the claims in Dockets Nos. 392-A and 329-B; dispose
of all rights, claims, demands, payments on the claims, counter-
claims or offsets which the United States has asserted or could
have asserted under the Indian Claims Commission Act covering
the period beginning with the first relationship of the Cheyenne-
Arapaho Tribes of Oklahoma with the United States to and in-
cluding June 30, 1956; and that all parties waive any and all
rights to appeal from or otherwise seek review of such final
determination.

A meeting of the members of the Cheyenne-Arapaho Tribes was
called and held at the City Hall Watonga, Oklahoma, on September 18,
1965, at which they considered the proposed settlement. Repre-
sentatives of the Bureau attending the meeting were the Area
Director of our Anadarko Area Office, the Area Field Representative
of our Concho Agency, and the Area Tribal Operations Officer.

Our Area Tribal Operations Officer submitted a report, in which
the Area Director of our Anadarko Area Office concurred, on the
calling and conduct of the meeting. Mr. Fred H. Bushyhead, Tribal
Secretary, submitted an affidavit that notices calling the meeting
and stating the purpose of the meeting were mailed to the 1,542
eligible voters of the Tribes on August 12, 1965. Copies of the
notice were published in the El Reno Daily Tribune, the Daily
Oklahoman of Oklahoma City, the Watonga Republican, the Riverton
Ranger of Riverton, Wyoming, and the Dewey County News of Taloga,
Oklahoma.

Mr. William Howard Payne, claims contract attorney for the Tribes,
issued a press release for the Press, Radio, and Television that
the meeting was scheduled for September 18, 1965, and giving the
purpose for which it was to be held.

Claims attorneys for the Tribes, Messrs. William Howard Payne
and John M. Schiltz, prepared a multi-paged report on the pro-
posed settlement which were distributed to the Indians attending
the meeting. Both attorneys were present and Mr. Payne read the
report to those present. He explained the proposed compromise
after which a question and answer period continued for about two
hours. The attorneys answered the questions asked and an Arapaho
Chief and a Cheyenne Chief discussed the proposed settlement
in their native languages.

A recess was called to permit the Indians to discuss the pro-
posed compromise among themselves after which another question
and answer period was held prior to the voting by the Indians
regarding acceptance or rejection of the proposed settlement.
The voting was done by the members standing and being counted
which resulted in adoption of a resolution accepting the pro-
posed settlement by a vote of 338 for and two against.

The resolution authorized the Chairman of the Tribal Council
of the Cheyenne-Arapaho Tribes of Oklahoma to execute the pro-
posed stipulation on behalf of the Tribes. The resolution
adopted is hereby approved.

Our Area Tribal Operations Officer also reported that, in his
opinion, the provisions of the proposed settlement were fully
explained to the members present at the meeting and that the
members who voted understood what they were voting on. He also
reported that many members were outside the building but did
not come inside to participate in the voting. The Secretary
of the Tribal Council later advised that nearly 1,500 persons
were served lunch immediately after the meeting.

We believe that the meeting of September 18, 1965, was adequately
noticed, that the members of the Cheyenne-Arapaho Tribes were
afforded the opportunity to participate, that persons eligible
who desired to vote did so, that those voting were representative
of the Tribes, and that the results of the voting reasonably
expressed the views of the membership of the Tribes.

In the light of the information which you have supplied us, that
submitted by our field offices, and that which has been obtained
from other sources, we believe that the proposed settlement of
claims of the Cheyenne-Arapaho Tribes of Oklahoma in Indian Claims
Commission Dockets Nos. 329-A and 329-B is fair and just to the
Indians. The proposed settlement is hereby approved pursuant to
the authority granted by Section 11, Secretarial Order 2508
(27 F. R. 11560).

                              Sincerely yours,

                          /s/  James E. Officer

                              Associate Commissioner

65.  Willie Hail, an Arapaho, testified at the hearing before
the Commission on the compromise settlement that he is the Chairman
of the Cheyenne-Arapaho Business Committee; that the Business Com-
mittee is made up of seven Arapahoes and seven Cheyennes and that
it conducts the business affairs of the tribes; that he attended the
trial before the Commission in May, 1965 and that he is well acquainted
with the claims case.  Mr. Hail testified: that he presided at general
meetings of the tribes in February and April of 1965 when general dis-
cussion of the claims cases was the only order of business.

Mr. Hail testified that he presided at the general meeting on
September 18, 1965.  The meeting began promptly at 1:00 p.m. and
lasted until 5:00 p.m.  Mr. Payne and Mr. Schiltz distributed a written
analysis of the compromise to the Indians present and Mr. Payne gave an
analysis of the issues involved.  The proposed resolution favoring the
compromise and the stipulation for entry of final judgment were read
and explained by Mr. Schiltz twice.  The meeting was recessed for
private discussion and reconvened for questions by the Indians and
answers and explanations by the attorneys.  The question and answer
period lasted two hours.  According to Mr. Hail all of the Indians
present understood English but nevertheless they were told in the
Cheyenne language and the Arapaho language that interpreters were
available.  No one asked for interpretation into the native tongue.
A vote was taken on the motion to adopt the resolution for compromise
by standing vote.  Members of the Business Committee assisted the

16 Ind. Cl. Comm. 162                                    178

Sergeant at Arms in tallying the vote and the tally was overseen and
audited by the Anadarko Area Tribal Operations Officer.  The vote was
338 for the compromise and two against.

In the opinion of Mr. Hail the Indian people who attended the
meeting at Watonga, Oklahoma, on September 18, 1965, understood the
settlement and their vote of 338 to 2 in favor of the compromise
settlement represents the sentiment of all the Cheyenne and Arapaho
people.  Mr. Hail testified that there was no attempt by Bureau of
Indian Affairs personnel, tribal leaders, or attorneys to influence
the tribes' decisions in the matter of the compromise.

66.  Fred Bushyhead, a Cheyenne, testified that he is the Secretary
of the Cheyenne-Arapaho Business Committee, and that in that capacity
on August 12, 1965, he caused the notice (Petitioner's Compromise
Exhibit 2) of special meeting to accept or reject the compromise
settlement to be mailed to 1542 enrolled, eligible voters of the
Cheyenne-Arapaho Tribes of Oklahoma; that in addition he caused the
notice to be published in the El Reno (Oklahoma) Daily Tribune, the
Daily Oklahoman of Oklahoma City, the Watonga Republican of Watonga,
Oklahoma, the Riverton Ranger of Riverton, Wyoming, and the Dewey
County News of Taloga, Oklahoma, all newspapers likely to come to the
attention of members of the tribes.  Mr. Bushyhead testified further
that he attended the trial of the claims case in Washington in May,
1965, and that he is familiar with the case; that from his knowledge
of the people he is satisfied that they understood the compromise
settlement and that their vote accurately reflects the sentiment of

all the Cheyenne and Arapaho people. Finally, Mr. Bushyhead testified
that although 340 tribal members voted on the question of compromise
there were many more present who did not vote. It was his opinion
that their failure to vote constituted agreement with the compromise.

67. Mr. Fred Hoffman, a Cheyenne, testified that he is Sergeant
at Arms for the Cheyenne-Arapaho Tribes of Oklahoma, and that he acted
as such at the September 18, 1965, meeting of the tribes at Watonga,
Oklahoma. In his opinion the meeting was well attended. As Sergeant
at Arms it was his job to count the vote on the motion to adopt the
resolution favoring compromise; he testified that he was assisted by
the other members of the Business Committee and that the vote of 338
for and 2 against is an accurate count. Mr. Hoffman testified that
in his opinion the Indians at the meeting understood the proposed
compromise and that their vote accurately reflects the sentiment of
all the Cheyenne and Arapaho people.

68. Herman Haury, John Sleeper, Ralph Little Raven, Eugene
Woolworth, Clarence Tallbull, Wendell Whiteman, Albert Hamilton,
William Albert Hamilton, Guy Hicks, Harry White Horse, and Woodrow
Wilson, the remaining members of the Cheyenne-Arapaho Business Com-
mittee, all testified to the effect that they were councilmen for the
tribes, elected from various districts in Oklahoma; that they attended
the meeting at Watonga, Oklahoma, on September 18, 1965; that they
were well acquainted with the people in their various districts; that
the people understood the compromise and were overwhelmingly in favor

16 Ind. Cl. Comm. 162                                        180

of the compromise; that so far as they knew there was no pressure

to accept the compromise by Bureau of Indian Affairs personnel,

tribal leaders, or attorneys.

69.  Chief Jesse Rowledge testified that he is past eighty

years of age and that he has been active in tribal affairs since 1910;

that he has been a member of the governing body of the tribes, and

Chairman thereof, at various times and that he has made 47 trips to

Washington, D.C. over the years on tribal business.  He testified to

anthropological studies and work at the University of Oklahoma, University

of Chicago and the Smithsonian Institution.  He attended the meeting

at Watonga, Oklahoma, on September 18, 1965, actively participated in

the proceedings and testified that in his opinion the compromise was

explained fully, that the Cheyenne-Arapaho people understood it and

overwhelmingly approved it.

70.  Mr. Paul Vance, Area Field Representative, Bureau of Indian

Affairs, with offices at the Cheyenne-Arapaho Agency, testified that

he attended the meeting at Watonga, Oklahoma, on September 18, 1965,

in company with Leslie P. Towle and Norman Holmes, Area Director and

Tribal Operations Officer, respectively, Bureau of Indian Affairs, and

that in his judgment there was full and free discussion of the compromise;

that the Cheyenne-Arapaho people understood the consequences of it,

favored it and voted for it.

71.  All of the fifteen Indian witnesses testified concerning their

education and experience in tribal affairs and the Commission is satisfied

16 Ind. Cl. Comm. 162                                    181

that they are competent to testify concerning the attitude of the

people as to the compromise. They all testified that the compromise

was favorably regarded by the people, including those not present at

the Septbember 18, 1965, meeting.

72. The proposed compromise was approved by resolution adopted

by all fourteen members of the Business Committee on October 11, 1965,

signed by all of them and certified by Paul Vance, Area Representative,

Cheyenne-Arapaho Indian Agency, and reads as follows:  (Compromise

Exhibit 7)

CHEYENNE-ARAPAHO TRIBES OF OKLAHOMA

Concho, Oklahoma

R E S O L U T I O N  NO._____

RESOLVED:  That the Resolution, here in Compromise
Exhibit No. 4, duly adopted by a vote of 338 for and 2
opposed at a general meeting of the Cheyenne-Arapaho
Tribes of Oklahoma, held at Watonga, Oklahoma, on Sep-
tember 18, 1965, be and the same hereby is adopted,
ratified and confirmed. Done at Washington, D. C. this
11th day of October, A. D. 1965.

CHEYENNE-ARAPAHO BUSINESS COMMITTEE
FOR CHEYENNE-ARAPAHO TRIBES OF
OKLAHOMA

by/s/ Willie Hail_____(SEAL)
   Willie Hail, Chairman and Member
by/s/ Woodrow Wilson_____(SEAL)
   Woodrow Wilson, Vice Chairman
             and Member
by/s/ Fred Bushyhead_____(SEAL)
   Fred Bushyhead, Secretary and Member

by/s/ Clarence Tallbull_____(SEAL)
   Clarence Tallbull, Treasurer
                and Member

16 Ind. Cl. Comm. 162                                    182

by/s/ Fred Hoffman_____(SEAL)
  Fred Hoffman, Sergeant-at-Arms
       and Member
by/s/ Albert Hamilton_____(SEAL)
  Albert Hamilton, Member

by/s/ Herman Haury_____(SEAL)
  Herman Haury, Member

by/s/ William Albert Hamilton_____(SEAL)
  William Albert Hamilton, Member

by/s/ Guy Hicks, Sr._____(SEAL)
  Guy Hicks, Member

by/s/ Ralph Little Raven_____(SEAL)
  Ralph Little Raven, Member

by/s/ Harry White Horse_____(SEAL)
  Harry White Horse, Member

by/s/ Eugene Woolworth_____(SEAL)
  Eugene Woolworth, Member

by/s/ Wendell D. Whiteman_____(SEAL)
  Wendell D. Whiteman, Member

by/s/ John Sleeper_____(SEAL)
  John Sleeper, Member


CERTIFICATE AS TO SIGNATURES

I hereby certify that I have witnessed the affixing of
the foregoing and within signatures and that same are the
genuine signatures of the foregoing persons for the purposes
therein represented.

by/s/ Paul Vance_____(SEAL)
  Paul Vance, Area Representative
  Cheyenne-Arapaho Indian Agency

73. Counsel for the United States and the Indian petitioners are

experienced in Indian claims litigation. William Howard Payne and John

M. Schiltz, attorneys for petitioners, and John D. Sullivan, attorney

16 Ind. Cl. Comm. 162                                    183

for defendant, advised the Commission at the hearing on approval

of the compromise settlement that they were confident the settlement

was fair and that no further concessions would be made by either side.

74. Based upon the record in the case, the testimony of the

witnesses, approval of the proposed compromise by the Associate Com-

missioner of Indian Affairs, and representations by counsel that the

settlement is fair to the tribes and the government, the Commission

finds that the settlement is fair to both parties, and that approval

of the settlement will eliminate the necessity for considerable

additional litigation and expenses for all parties and the Commission

incident thereto; and that the motion of the parties for entry of

Final Judgment should be granted. Said motion is as follows:

### JOINT MOTION FOR ENTRY OF FINAL JUDGMENT

Come now the parties in the above entitled cases, by
their attorneys of record, and move the Commission for
entry of final judgment, pursuant to stipulation filed
contemporaneously herewith, said final judgment to be in
favor of the petitioning Cheyenne-Arapaho Tribes of
Indians of Oklahoma, an identifiable group of American
Indians, in the amount of Fifteen Million Dollars ($15,000,000.00).

The parties hereto respectfully move the Commission to
enter an order of final judgment herein based upon said
stipulation.

/s/ William Howard Payne          /s/ Edwin L. Weisl, Jr.
William Howard Payne              Edwin L. Weisl, Jr.
Attorney of record for           Assistant Attorney General
            petitioner                of the United States

/s/ John D. Sullivan
John D. Sullivan
Attorney for defendant

16 Ind. Cl. Comm. 162                                        184

A final judgment will be entered in accordance with said
motion.

Arthur V. Watkins
Chief Commissioner

Wm. M. Holt
Associate Commissioner

T. Harold Scott
Associate Commissioner

16 Ind. Cl. Comm. 162                                              185

BEFORE THE INDIAN CLAIMS COMMISSION

CHEYENNE-ARAPAHO TRIBES OF INDIANS      )
OF OKLAHOMA, suing on its own behalf    )
and as representative of the            )
CONFEDERATED TRIBES OF CHEYENNE AND     )
ARAPAHO INDIANS OF THE UPPER            )
ARKANSAS, also known as the SOUTHERN    )
CHEYENNE AND ARAPAHO TRIBES OF INDIANS, )
and on behalf of the CHEYENNE AND       )
ARAPAHO TRIBES OF INDIANS,              )
                                        )
                       Petitioner,      )       Docket No. 329-A
                                        )
          v.                            )       Docket No. 329-B
                                        )
THE UNITED STATES OF AMERICA,           )
                                        )
                       Defendant.       )

Decided:  October 18, 1965

Appearances:

    John D. Sullivan, with whom
    was Mr. Assistant Attorney
    General, Edwin L. Weisl, Jr.,
    Attorneys for Defendant

    William Howard Payne and John M.
    Schiltz of the law firm of Hutton,
    Schiltz & Skeehy, Attorneys for
    Petitioner

OPINION OF THE COMMISSION

Holt, Associate Commissioner, delivered the opinion of the Commission.

These cases, Docket Nos. 329-A and 329-B, are now before the Com-
mission for consideration of the joint motion of the parties seeking
approval of a proposed compromise settlement whereby said cases are to
be consolidated for all purposes and settled, compromised, and finally
disposed of by entry of a final net judgment for petitioner in the
amount of $15,000,000.00, with no review or appeal taken by either party.

The claims of the petitioner, the Cheyenne-Arapaho Tribes of
Oklahoma (also known as the Southern Cheyenne and Arapaho Tribes),
together with the claims of the Northern Cheyenne Tribe and the
Northern Arapaho Tribe were originally presented in a petition filed
on August 10, 1951, and assigned Docket 329, the claim asserted by all
three petitioner tribes being one for additional compensation for the
cession of their lands reserved under the Treaty of Fort Laramie of
September 17, 1851 (11 Stat. 749). In the same petition the Cheyenne-
Arapaho Tribes of Oklahoma also asserted claims for other alleged wrongs
committed by defendant which claims the Commission on November 28, 1958,
ordered severed from the petition in Docket 329 and filed in a separate
petition designated Docket No. 329-A. Later, by order of the Commission
on July 28, 1961, the Cheyenne-Arapaho Tribes of Oklahoma were permitted
to amend the severed petition in Docket 329-A.

On November 1, 1955, this Commission held the three petitioners in
Docket 329 owned by virtue of the 1851 Fort Laramie Treaty, an area in
Colorado, Wyoming, Kansas and Nebraska, comprising 51,210,000 acres of
land. On December 6, 1961, the Commission held said land was worth
$23,500,000 as of October 14, 1865, the date the parties agreed the
defendant acquired the petitioners' interests therein. We also held that
petitioner, the Southern Cheyenne and Arapaho Tribes had an undivided
one-half interest in said lands, fixing the consideration paid the
Southern Cheyenne and Arapaho Tribes at $1,434,131.38, "plus the fair
market value of the lands set apart for said tribes (Finding 39) by

executive order of the President of August 10, 1869." Pursuant to a
stipulation of the parties approved by the Secretary of the Interior and
the Commission, the Commission entered orders on August 6, 1962, amending
its findings, opinion and interlocutory order entered December 6, 1961,
whereby the share of the Southern Cheyenne-Arapaho tribes in the Fort
Laramie Treaty lands was increased to 50.61% thereof. At the request of
the petitioners, the defendant not objecting, the Commission on
November 13, 1962, entered an order amending the amended interlocutory
order of August 6, 1962, to provide that thereafter each of the petitioner
tribes in Docket 329 should proceed separately in all subsequent pro-
ceedings and the Southern Cheyenne-Arapaho Tribes were assigned to
Docket No. 329-B.

Thus, in order to determine whether the consideration paid the
Southern Cheyenne-Arapaho Tribes for their 50.61% interest in the Fort
Laramie Treaty lands was unconscionable, there remained the question in
Docket 329-B of the value of the lands in Oklahoma set apart for aforesaid
tribes by the executive order of the President of August 10, 1869, and
ceded to the United States under the agreement of October, 1890, ratified
by the Act of March 3, 1891 (26 Stat. 989). Also, in the event the con-
sideration of $1,434,131.38 paid said tribes plus the value of the
Oklahoma Executive Order lands was found to be unconscionable, then there
would be the question of allowable offsets chargeable against said tribes.

However, the petitioner tribes elected to proceed with their claims
in Docket No. 329-A, and on May 24, 1965, valuation proceedings were had
before the Commission on their reservation lands in Oklahoma alleged to

have been ceded and relinquished to the defendant under the agreement
of October, 1890, ratified by the Act of March 3, 1891.

Thereafter, and before any decision by the Commission in Docket
329-A, the parties entered into negotiations for a compromise settlement
of all claims of the Southern Cheyenne-Arapaho Tribes in both Docket No.
329-A and 329-B.  These negotiations were successful and the joint motion
of the parties asking approval of the settlement now before us was filed
and heard at a special hearing on October 11, 1965.

The Commission has found that the members of the petitioner tribe
and its Business Committee have been fully advised of the terms of the
proposed settlement of all the Southern Cheyenne-Arapaho Tribes' claims
in Docket Nos. 329-A and 329-B and of the claimed offsets of the defendant
and the reasons why it should be entered into; and that the Tribes by
resolution approved it by a vote of 338 for with only 2 opposed at a
general meeting of the members of the tribes held on September 18, 1965,
duly and properly called to consider the settlement; and with the entire
fourteen duly elected members of the Cheyenne-Arapaho Business Committee
for the Cheyenne-Arapaho Tribes of Oklahoma adopting, ratifying and
confirming the aforesaid resolution.  The proposed settlement has also
been approved by an authorized official of the Department of the Interior.

We are of the opinion that all the formal requirements of the
Commission which were adopted with respect to proof of a valid approval
of a compromise settlement by the petitioner and defendant have been
substantially complied with by the parties.

Under all the circumstances we are of the opinion that the compromise

16 Ind. Cl. Comm. 162                                              189

settlement is fair and just to both the petitioner and the defendant

and should be approved.  Therefore, we conclude that the joint motion

of the parties for entry of final judgment in accordance with the

Stipulation for Entry of Final Judgment should be granted and Final

Judgment will be so entered.


                                        Wm. M. Holt
                                        Associate Commissioner


We concur:

Arthur V. Watkins
Chief Commissioner

T. Harold Scott
Associate Commissioner