## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

CHEYENNE-ARAPAHO TRIBES OF )
OKLAHOMA,                   )
                           )
        Plaintiff,          )
                           )        No. 06-519
                           )        Judge Paul  L. Friedman
        v.                  )
                           )
UNITED STATES, et al.,      )
                           )
        Defendants.         )
_____)

## DEFENDANTS' OPPOSITION TO PLAINTIFF TRIBES' RULE 56(f)
## MOTION FOR CONTINUANCE TO PERMIT DISCOVERY

### Introduction

On June 20, 2007, plaintiff tribes moved (pursuant to FRCP 56(f)) for continuance to "permit discovery to go forward bearing upon limitations and the potential application of the doctrine of equitable estoppel."  Plaintiff states, in effect, that in the event the court denies the government's motion to dismiss, insofar as it is based upon the government's arguments that the Ft. Reno lands were ceded in 1891 and that Section 22(a) of the ICCA/doctrine of res judicata bar this lawsuit, then the court should then grant its Rule 56(f) motion.  Even if the court rejects dismissal based solely upon the Defendants' cession and Section 22(a)/claim preclusion arguments, this Rule 56(f) motion should be denied because the two issues sought to be addressed by the requested discovery - - namely: (1) whether the Tribes' alleged reversionary interest has not yet accrued; and (2) whether the court should apply the doctrine of equitable estoppel to the government - - are moot or not material. In addition, even if the court rejects our cession and Section 22(a) claim preclusion arguments, there is an additional merits defense

(Defendants' Reply at 31, note 18) which warrants dismissal of this lawsuit with prejudice.

Specifically, we contend that Congress' 1937 transfer of 1,000 acres of Ft. Reno lands to the

jurisdiction of the Bureau of Prisons and Congress' 1948 transfer of the remaining Ft. Reno

acreage to the jurisdiction to the Department of Agriculture, taken together, operated so as to

**revoke** the July 17, 1883 Executive Order (which constitutes the legal premise for the Tribes'

alleged reversionary interest) as to all 9,493 acres encompassed by Ft. Reno.  As a result, the

alleged  present beneficial interest in the Ft. Reno lands does not exist. [1]

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 56(f) MOTION

A party seeking Rule 56(f) discovery "bears the burden of identifying the facts to be

discovered that would create a triable issue and the reasons why the party cannot  produce

those facts in opposition to the pending motion for summary judgment."  Dunning v. Quander,

468 F. Supp. 2d 23, 28 (D.D.C. 2006), citing Byrd v. Envtl. Prot. Agency, 174 F. 3d 239, 248

n.8 (D.C. Cir. 1999).  The party seeking to conduct discovery must "'indicate what facts she

intended to discover that would create a triable issue and why she could not produce them

in opposition to the motion.'"  Price v. Greenspan, 374 F. Supp. 2d 177, 183 (D.D.C. 2005),

aff'd, 470 F. 3d 384 (D.C.Cir. 2006) (quoting Carpenter v. Fed. Nat'l Mortgage Ass'n, 174 F. 3d

231, 237 (D.C. Cir.), cert. denied, 528 U.S. 876 (1999)).  The movant must articulate

---

[1] In any event, even if the court were to reject our Section 22(a)/res judicata defenses, the Tribes are bound by Finding Nos. 55 and 56 of the Indian Claims Commission in 1965 in the Tribes' ICCA case. See 16 Ind. Cl. Comm. 162, 164-165 (1965). The Commission found, in effect, that all the "reserved" lands (which included the Ft. Reno lands) were ceded in 1891 and this finding is controlling here. See United States v. Pend Oreille Pub. Util. Dist. No. 1, 926 F.2d 1502, 1507-09 (9th Cir. 1991).  Thus, the Tribes' argument that the Ft. Reno lands were not ceded is barred by the doctrine of collateral estoppel. Securities Industries Ass'n v. Bd. of Governors, 900 F.2d 360, 363-64 (D.C. Cir. 1990); and Elliott v. F.D.I.C., 305 F. Supp. 2d 79, 83 (D.D.C. 2004).

discoverable facts that would create triable issues.  <u>Strang v. United States Arms Control &</u>

<u>Disarmament Agency</u>, 864 F.2d 859, 861 (D.C. Cir. 1989).  If the movant makes only

"conclusory and boilerplate" statements as to what discovery would produce, then he has failed

to meet his burden under Rule 56(f).  <u>Price v. Greenspan</u>, 374 F. Supp. 2d at 183.

## I.     PLAINTIFF'S STATED ISSUES TO WHICH DISCOVERY WOULD BE ADDRESSED ARE MOOT OR NOT MATERIAL.

The Affidavit submitted in support of the plaintiff's Rule 56(f) Motion states that there

are two issues upon which discovery is needed: (1) " . . .  whether the Tribes' claimed

reversionary interest has yet accrued for limitations purposes"; and (2) "possible application of

the doctrine of equitable estoppel against the government's assertion of limitations."  However,

the Tribes' alleged reversionary interest accrued in 1949, a fact they knew.  In the Congressional

hearings on the Ft. Reno bill introduced in 1949 (H.R. 4756), William Howard Payne (then

general counsel for the Tribes and later the lead counsel for the Tribes in their ICCA suit)

testified, in pertinent  part, as follows: " * * * Fort Reno is no longer useful for military

purposes**. It has in fact been abandoned by the Army**. * * * " (emphasis added).  Hearings

Before the Subcommittee on Indian Affairs of  the Committee on Public Lands, House of

Representatives, 81st Cong., 1st Sess. 59, 38 (1949).  (Copy of particular pages appended as

Attachment No.1). Thus, the alleged reversionary interest accrued in 1949 and, therefore, the

issue of whether the "claimed reversionary interest has yet accrued for limitations purposes" is

moot.[2/]  Plaintiff had actual knowledge in 1949 that its reversionary interest claim had accrued,

_____

[2/] In our motion, we argue that the Tribes already knew or should have known of the
government's claim of title to/adverse interest in the Ft. Reno lands in 1948 when the remaining
Ft. Reno acreage was transferred to Agriculture; under the Quiet Title Act a cause of action is
deemed to accrue when the plaintiff "knew or should have known of the claim of the United

as a result of the Army's abandonment of Ft. Reno in 1949.

The question of whether the doctrine of equitable estoppel might apply to the government is premised upon the plaintiff's assumption that there may have been governmental conduct (during the 1952- 1994 period) which prevented the Tribes from knowing when their claim to the alleged reversionary interest had accrued.  Again, William Howard Payne's testimony demonstrates that the Tribes were on actual notice that their reversionary interest claim had accrued in 1949.  Thus, there could have been <u>no governmental conduct in the 1952-1994 time period</u> which prevented the Tribes from learning about their claim, as plaintiff has alleged.  Accordingly, the issue of whether the doctrine of equitable estoppel might apply against the government is simply not material to the resolution of the government's motion to dismiss.

## II.     IN ANY EVENT,  PLAINTIFF HAS NOT MET ITS RULE 56(f) BURDEN.

Even if it were not clear that the Tribes had actual notice of their claim and the court were  were to reject the government's preceding argument, we submit that the Tribes' motion must be denied because the plaintiff has not yet met its Rule 56(f) burden of articulating a reasonable basis for believing that the requested discovery would uncover triable issues of fact.  Plaintiff's Affidavit states it  has  only "recently" obtained documents pursuant to a FOIA request which "give rise to a genuine issue" whether the plaintiff "Tribes' claimed reversionary interest has yet accrued for limitations purposes."  Plaintiff  is alleging, in effect, that because of the "recently" discovered documents obtained pursuant to its FOIA request (copies of these

---

States." 28 U.S.C. § 2409a(g).  However, the Tribes are arguing, in effect, that even if they knew about the government's title/adverse interest claim, they do not know if their own reversionary interest claim has yet accrued.

4

documents identified as Attachments 2 and 3 to plaintiff's Surreply), there is a reasonable basis for believing that these recently obtained documents "together with documents that should be in the Government's possession that we have not yet obtained, . . . could relate to possible application of the doctrine of equitable estoppel as against the government's assertion of limitations." [emphasis added] (Grellner Affidavit, paragraphs 4 and 5). Plaintiff fails to even broadly indicate what facts it seeks to discover; it also fails to explain " . . . with sufficient particularity why [it] could not, absent discovery, present by affidavit facts essential to [its] opposition." Dunning v. Quander, 174 F. Supp. 2d 23, 28 (D.D.C. 2006). In addition, the above quoted language does not sufficiently articulate which discoverable facts may lead to a triable issue.

Paragraph 6 states that transcripts of hearings conducted before "several members of Congress" in El Reno, Oklahoma in 1954 were not received pursuant to the plaintiff's FOIA request. Paragraph 6 also states that these transcripts "should be more readily available in discovery . . . " and that "[These transcripts] could show that . . . Governmental representatives with knowledge [of the "continuing military uses contemplated by the Army"] nonetheless withheld this information from the Tribes." (Emphasis added). The assertion that the transcripts of the 1954 hearings "should be more readily available in discovery" does not meet plaintiff's Rule 56(f) burden for establishing a reasonable basis to believe that discovery will lead to triable issues of fact.

We believe that the apparent failure of the Grellner Affidavit to enable the Tribes' Rule 56(f) motion to meet the requisite burden for a successful Rule 56(f) motion is somewhat difficult to understand when the unique history of plaintiff's lead counsel [ Richard Grellner] in

connection with the Ft. Reno claim is taken into account.  Specifically, in 1995, Mr. Grellner

entered into a three-year, "Special Claims Attorney Contract" (approved by BIA) with the

plaintiff Tribes which required him to:

> . . . advise and represent the Tribes in connection with **properly investigating, formulating, and pursuing, the claims of the Tribes against the United States,** relating to recovery and development by the Tribes of **certain lands and property** situated in the state of Oklahoma, **commonly known as the 'Fort Reno Lands,'** and associated claims.

(emphasis added).  See Attachment No. 2 (copy of September 25, 2000 Order of the Interior

Board of Indian Appeals, captioned "Richard Grellner v. Anadarko Area Director, Bureau of

Indian Affairs" reported at 35 IBIA 192).  Given Mr. Grellner's previous work upon, and

resulting long-standing familiarity with the Ft. Reno lands claim, the apparent failure of the

Grellner Affadavit to enable the Rule 56(f) motion to meet the requisite Rule 56(f) burden

suggests that meeting that burden may not be possible.  Moreover, we assume that the transcripts

of the 1954 hearings (whose existence was divulged by contemporaneous Oklahoma newspaper

accounts) are matters of public record that Mr. Grellner arguably could  have uncovered. [3/]

### III.    PLAINTIFF'S "GENUINE FACTUAL ISSUES" ARE NOT GENUINE ISSUES OF MATERIAL FACT.

The "genuine factual issues" which plaintiff alleges exist are not genuine issues of

---

[3/]Even when discovery is appropriate, information sought that is publicly available does not need to be produced pursuant to Rule 34.  See  Dushkin Publ'g Group, Inc. v. Kinko's Serv. Corp., 136 F.R.D. 334, 335 (D.D.C. 1991); SEC v. Samuel H. Sloan & Co., 369 F. Supp. 994, 995 (S.D.N.Y. 1973); Keogh v. Pearson, 35 F.R.D. 20, 23 (D.D.C. 1964).  A "court may deny a party's discovery request when it seeks information from his adversary that is readily available to the party making the request."  ACLI Int'l Commodity Serv., Inc. v. Banque Populaire Suisse, 110 F.R.D. 278, 288 (S.D.N.Y. 1986).  As the court stated in Dushkin, "Discovery need not be required of documents of public record which are equally accessible to all parties."  136 F.R.D. at 335 (quoting SEC v. Samuel H. Sloan & Co.,  369 F. Supp. at 995).

**material** fact, because they do not affect the outcome of this lawsuit under the substantive law governing the Ft. Reno claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Government of Rwanda v. Rwanda Working Group, 150 F. Supp. 2d 1, 5 (D.D.C. 2001). Rather, they relate solely to whether the government's statute of limitations defense with respect to the plaintiff's QTA claim is viable. Even if the court, as a result of the requested discovery, were to apply the doctrine of equitable estoppel to the government, thereby tolling the running of the QTA's statute of limitations period, the plaintiff's QTA action would be barred by the revocation of the July 17, 1883 Executive Order by Congress' transfers of the Ft. Reno lands in 1937 and 1948. This Executive Order constitutes the legal premise for the Tribe's claimed reversionary interest.

## IV.  PLAINTIFF'S RULE 56(f) MOTION WAS NOT FILED WITHIN A REASONABLE TIME.

Plaintiff's Rule 56(f) motion was not filed within a reasonable time. Given lead counsel's familiarity with the Ft. Reno lands claim - - a familiarity acquired long before the filing of the instant lawsuit - - the plaintiff's failure to file this motion on October 27, 2006, (when plaintiff filed its first motion for an enlargement of time to file its Opposition to Defendants' Motion to Dismiss), or soon thereafter (after Mr. Racine's October 27, 2006 Motion for Richard J. Grellner to Appear Pro Hac Vice was granted) is puzzling. In addition, we refer the court to footnote 6, at page 11 of plaintiff's Opposition (filed on January 29, 2007), in which the plaintiff muses about the potential "benefit of formal discovery." Since plaintiff clearly had thought about discovery by January 29, 2007, it should, at the very least, have filed its Rule 56(f) Motion for Continuance simultaneously with the filing of its Opposition on January 29, 2007. Indeed, denial of a Rule 56(f) Motion is wholly appropriate where a party filed it "several weeks after" it

7

had filed its opposition to the other side's summary judgment motion.  As explained  in <u>In re</u> <u>Northwestern Mut. Life Ins. Co. Sales Practice Litigation</u>, 70 F. Supp. 2d 466, 482 (D.N.J.), <u>aff'd</u>, 259 F. 2d 717 (3rd Cir. 2001):

> Hartmann's motion for a continuance must be denied because it should have been filed at the same time as the papers opposing summary judgment. <u>See</u>, <u>e.g.</u>, <u>Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n</u>, 142 F.3d 26, 44 (1st Cir.1998) (noting that "To savor the balm of Rule 56(f), a party must act in a timely fashion" and upholding denial of Rule 56(f) request on ground that request was filed three weeks after oral argument on summary judgment motion); <u>Resolution Trust Corp. v. North Bridge Assocs., Inc.</u>, 22 F.3d 1198, 1204 (1st Cir.1994) ("[A] party must invoke Rule 56(f) within a reasonable time following receipt of a motion for summary judgment"); <u>Walker v. Rose</u>, 22 F. Supp.2d 343 (D.N.J.1998) (denying defendants' Rule 56(f) motion because their "certification ha[d] not been timely submitted as it was not filed with defendants' opposition papers, but was only submitted after the issue was raised by plaintiffs").

Here, the plaintiff filed its Rule 56(f) motion four and one-half months after the Opposition was filed.  As this Court noted in <u>Sample v. Lappin</u>, 479 F. Supp. 2d 120, 124 and n. 3 (D.D.C. 2007): "Had they [defendants] believed discovery was necessary in order to respond to [plaintiff's motion for summary judgment], they could have sought appropriate discovery under Rule 56(f) of the Federal Rules of Civil Procedure rather than responding to the merits of plaintiff's motion without discovery."   <u>See</u> <u>also</u> <u>Troxell v. McCreary County Detention Center</u>, 2006 WL 897186, *1 (E.D. Ky.  2006) ("As a threshold matter, this rule requires that its protections be invoked in the non-movant's response to the summary judgment motion, something Troxell failed to do. That failure alone is ordinarily grounds for rejecting the motion requesting the relief afforded by the Rule.").  In sum, plaintiff's failure to file its Rule 56(f) Motion within a reasonable time is an adequate basis, in and of itself, for the court to deny the motion.

**CONCLUSION**

The court should deny the Tribe's 56(f) motion for the foregoing reasons.

Dated this 2nd day of July, 2007.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General

s/James M. Upton
JAMES M. UPTON
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P. O. Box 663
Washington, D.C.    20044-0663
Ph. (202) 305-0482
Fax: (202) 305-0506
E-mail address: james.upton@usdoj.gov

Attachments