UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CHEYENNE-ARAPAHO TRIBES OF          )
    OKLAHOMA,                       )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No.  06-0519 (PLF)
                                    )
UNITED STATES, et al.,              )
                                    )
            Defendants.             )
_____)

ORDER

       This matter is before the Court on plaintiff's motion to alter or amend the judgment, defendants' opposition, and plaintiff's reply.  The Court granted defendants' motion to dismiss for lack of subject matter jurisdiction on September 27, 2007.  See Cheyenne Arapaho Tribes of Oklahoma v. United States, – F. Supp. 2d –, 2007 WL 2800372, * 1 (D.D.C. Sept. 27, 2007) ("the Court concludes that the United States has not waived its sovereign immunity because the statute of limitations has expired under the Quiet Title Act, and that this Court therefore lacks jurisdiction.").

       Plaintiff requests that the Court amend the Opinion "by withdrawing footnote 3 (referring to the 1965 "settlement [of litigation before the Indian Claims Commission] ... as an alternative ground which mandates dismissal ...." Id. at 9, n. 3) along with a subsequent statement that the Tribes "litigated these claims to completion in 1965, when [they] settled these claims before the ICC." Id. at 13." Motion at 1 (brackets and parentheses in original).

A motion to alter or amend judgment under Rule 59(e) is discretionary with the court and need not be granted unless the Court finds that there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Ciralski v. Central Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)); see also Long v. Department of Justice, 479 F. Supp. 2d 23, 25 (D.D.C. 2007).  Rule 59(e) motions to alter or amend judgment are "not to be used to relitigate matters already argued and disposed of; they are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law." Independent Petroleum Ass'n of America v. Babbitt, 178 F.R.D. 323, 324 (D.D.C. 1998); see Niedermeier v. Office of Max S. Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (Rule 59(e) motion may not be used to "relitigate old matters, or to raise new arguments or present evidence that could have been raised prior to the entry of judgment.").  Such motions are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." Id.  Plaintiff has not demonstrated such extraordinary circumstances, but rather reiterates arguments already mentioned in its opposition and sur-reply opposing defendants' dispositive motion.  Accordingly, it is hereby

ORDERED that plaintiff's motion to alter or amend the judgment [31] is DENIED.  This is a final appealable order.  See FED. R. APP. P. 4(a).

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 8, 2007

2